**KAPLAN et al. v. HELENHART NOVELTY CORPORATION et al.**

No. 194, Docket 21597.

United States Court of Appeals
Second Circuit.

Argued April 10, 1950.

Decided May 5, 1950.

312

Levisohn, Niner & Cohen, New York City, Edwin Levisohn and Harry Cohen, New York City, of counsel, for appellants.

Friedman & Friedman, New York City, Hyman R. Friedman, New York City, of counsel, for appellees.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The two questions to be answered on this appeal are whether there is federal jurisdiction of all of the causes of action alleged in the complaint and in the counterclaim and whether a temporary injunction was improvidently granted on motion of the plaintiffs.

The plaintiffs, who are partners in business under the firm name of The Plastrix Company and are both residents of New York, brought this suit in the District Court for the Southern District of New York against defendants, a New York corporation and one of its officers, also a New York resident, for a declaratory judgment and for damages for unfair competition. They sought to have United States Patent No. 2,178,190 held invalid, and in the alternative held not infringed by them if valid; to have an unregistered trade-mark of the defendants held invalid, or, if valid, not infringed; for an accounting of profits and for damages due to the misuse of both the patent and the trade-mark; and for a temporary and permanent injunction to prevent further misuses of both the patent and the trade-mark.

The defendants answered by way of general denial of the allegations and filed a counterclaim alleging the infringement by the plaintiffs of both the patent and the trade-mark, seeking a temporary and a permanent injunction against the plaintiffs, together with a judgment for profits and damages. Upon hearing on affidavits before trial on the merits, the court held that it had jurisdiction of the action and granted the plaintiff's motion for a temporary injunction. This appeal followed.

There can be no doubt but that the court did have jurisdiction of that part of the suit which put in issue the validity and infringement of the patent. But since the trade-mark is unregistered and there is no diversity jurisdiction, the cause of action based on its alleged infringement or on its misuse is not by itself within the jurisdiction of a federal court. Nor did its joinder with the cause of action on the patent suffice to give the district court jurisdiction within Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, or within § 1338 (b) of the Judicial Code, 28 U.S.C.A. § 1338(b), which reflects the so-called Hurn v. Oursler doctrine. This is so because rights in issue under the patent and those under the trade-mark are not dependent upon substantially the same facts and those under the trade-mark are not so ancillary to the patent jurisdiction of the court as to be but an incident of that. Armstrong Paint & Varnish Works Co. v. Nu-Enamel Corp., 305 U.S. 315, 325, 59 S.Ct. 191, 83 L.Ed. 195; Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, certiorari denied, 322 U.S. 738, 64 S.Ct. 1055, 88 L.Ed. 1572; Derman v. Stor-aid, Inc., 2 Cir., 141 F.2d 580, 584, dismissed, 323 U.S. 805, 65 S.Ct. 25, 89 L.Ed. 643. Even though the trade-mark may have been applied to some of the articles claimed to be covered by the patent, the different rights still rest upon the different facts essential to their establishment.

The alleged misuse of the patent, however, does not fall within the same jurisdictional restrictions. This misuse lay

in the defendants' claimed giving of notices to the plaintiffs and to its customers that the plaintiffs' articles of manufacture, which were sold to those customers, infringed the patent, and the defendants' failure to bring suit on the patent within a reasonable time thereafter to vindicate their assertions of infringement. The validity and scope of the patent and the right of the plaintiffs, notwithstanding it, to conduct their business as they have, are here involved. This cause of action is, therefore, within § 1338(b) of the Judicial Code and the court has jurisdiction of it. See E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, certiorari denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; Mitchell & Weber, Inc. v. Williamsbridge Mills, D.C., S.D.N.Y., 14 F.Supp. 954.

But though there was jurisdiction to issue the temporary injunction granted the plaintiffs, the effect of it was to give them a substantial part of the relief they sought in advance of a trial on the merits. As to their right to that, a more complete statement of the facts, as shown by this record, is necessary.

The defendants have been manufacturing and selling plastic toys, puzzles and novelties since 1939, the corporate defendant having been organized in 1938. The patent in suit was granted to defendant Steinhardt in October 1939 for a puzzle made of six interlocking pieces which in the whole may take various forms. He has owned it ever since it was granted and the defendants have since manufactured and sold puzzles they claimed to be covered by it. In 1946 the plaintiffs began to manufacture and sell plastic toys and novelties, including plastic puzzles. This was several years after one of them, Kaplan, had some discussion with the individual defendant concerning the business in general and apparently some fruitless discussion about Kaplan's obtaining an interest in the defendants' business.

On January 16, 1948, the defendants' attorney gave Kaplan notice by letter that the plaintiffs were infringing the above mentioned patent and the defendants' trademark "Lucky" by making and selling what they called a "Lucky Football Puzzle Key Chain" and demanded immediate assurance that the plaintiffs would stop doing so and would pay the damages already caused. The plaintiffs' attorney replied denying infringement and notifying him "to desist from such acts and activities." The defendants' attorney also advised three of plaintiffs' customers in 1948, the last such notice being given on May 3rd, of the claimed infringement of the patent by the plaintiffs. Defendants did not bring suit on the patent, however, and so far as appears made no further charges of infringement until on September 20, 1949 they wrote another of plaintiffs' customers advising it that the plaintiffs were infringing their patent, saying "we intend to institute proceedings for Patent infringement" and asking "your co-operation in order to avoid unpleasant situations which might involve you in court actions between the infringer and ourselves."

The plaintiffs brought this suit on October 7, 1949. It is asserted in an affidavit in opposition to the plaintiffs' motion for a temporary injunction that no suit was brought against the plaintiffs because of the expense involved, because of the pendency of another patent application by the individual defendant on which he would like to sue at the same time if suit were brought and because "during about the last five or six months of 1948 and until very recently, that is until about the 15th of September of this year, I was unaware of any sales by Mr. Kaplan and his partner of the football puzzle referred to in Mr. Price's letters and therefore believed that they had discontinued the manufacture and sale of these puzzles."

The judge did not consider such excuses an adequate explanation of the defendants' failure to sue in vindication of their rights as asserted in the notices, which he accordingly found to have been given in bad faith. He thus granted the temporary injunction.

As will be seen, this phase of the appeal turns on whether such a finding was

justified on this record, since it is not an actionable wrong for one in good faith to make plain to whomsoever he will that it is his purpose to insist upon what he believes to be his legal rights, even though he may misconceive what those rights are. Eastern States Petroleum Co., Inc. v. Asiatic Petroleum Corporation, 2 Cir., 103 F.2d 315. And this has long been recognized in respect to patent rights. Kelley v. Ypsilanti Dress-Stay Mfg. Co., C.C.E.D.Mich., 44 F. 19, 23, 10 L.R.A. 686; Virtue v. Creamery Package Mfg. Co., 8 Cir., 179 F. 115, 120. As was observed when the judgment in the case last mentioned was affirmed by the Supreme Court, 227 U.S. 8, 37–38, 33 S.Ct. 202, 208, 57 L.Ed. 393, "Patents would be of little value if infringers of them could not be notified of the consequences of infringement * * *".

■ While the privilege to try by notice to persuade acquiescence in one's assertions of his rights may not be exercised in bad faith, some confusion has at times crept into findings of bad faith because the distinction between the lack of an honest belief in the legal rights asserted and the lack of any intention to vindicate them by a timely suit has not been kept clear. Unreasonable lapse of time after notice given is evidence of lack of intention to sue and, to a lesser degree, of lack of an honest belief in the validity of the asserted right. Before the Declaratory Judgment Act, 28 U. S.C.A. § 2201, became effective and was construed to permit suit for declaration of invalidity or noninfringement, unreasonable delay in bringing suit after notice was alone sufficient to end the privilege. It really made no practical difference, as long as the giver of the notice could alone decide whether and when suit would be brought, whether he honestly believed in his rights but was unwilling to sue for some other reason or whether he was unwilling to sue because he was too doubtful of them to risk litigation. Consequently, unreasonable lapse of time without suit after notice would lay the basis for an injunction against further notices. Adriance, Platt &

Co. v. National Harrow Co., 2 Cir., 121 F. 827.

■■ We have no hesitation in reaching the conclusion that this record contains no substantial evidence to show that the defendants did not and do not reasonably believe that their patent is valid and has been infringed as they have asserted. The patent is presumptively valid; the Patent Office file wrapper and contents of the patent show, defendants' counsel avers, that all of the claims of the patent were allowed, as filed, without the citation of any prior art; and the allegations of infringement do not appear to be frivolous. Thus, the only evidence of bad faith is the defendants' failure to sue promptly. But the plaintiffs have continuously had a plain and complete remedy for any wrong done them, in that they could have brought this suit whenever they pleased after the first notice was given, instead of waiting as they did, since an actual controversy between the parties existed at least during all that time. Any delay in putting the defendants' asserted rights to the test of actual litigation was, therefore, only what the plaintiffs chose to permit, and, as the suit is as timely as they chose to make it, their motion for a temporary injunction stands no differently than it would have if the defendants had sued promptly after notice given.

This, of course, is not to say that failure to bring suit within a reasonable time, when coupled with other evidence indicating a lack of honest belief in the legal rights asserted, will not support a finding of bad faith. Perhaps Betmar Hats, Inc. v. Young America Hats, Inc., 2 Cir., 116 F.2d 956, where it was not effectively contradicted that the plaintiff had designed the hats claimed by defendants to infringe their design patent before the defendants had made the design, is a case where there was such other evidence. At least, it does not appear from it that the effect of the Declaratory Judgment Act was considered. Here, we hold, it was an abuse of discretion to grant an injunction before trial on the merits.

Injunction dissolved and cause remanded.