STEINHARDT NOVELTY CO., Inc., v.
ARKAY INFANTS WEAR, Inc.,
et al.
Civ. A. No. 10365.

United States District Court
E. D. New York.

July 5, 1950.

See also 10 F.R.D. 283.

Henry L. Burkitt, New York City, for plaintiff, for the motion.

Harry Price, New York City, for defendants, opposed.

BYERS, District Judge.

This is a plaintiff's motion to strike defendants' demand for a jury trial and to strike the answer for failure to comply with an order of Judge Kennedy (April 11, 1950) respecting the defendants' pleading. That order requires:

(a) That defendants separately state the causes of action apparent in the counterclaim.

(b) That defendants make said counterclaim more definite and certain "by setting forth specifically the claims of Letters Patent No. 2450631 upon which they intend to rely".

A comparison of the amended answer with the original, and an examination of the complaint, reveal that Federal Rules of Civil Procedure, rule 8(a) (2), 28 U.S.C.A., "a short and plain statement of the claim showing that the pleader is entitled to relief" and id. (e) (1) "Each averment of a pleading shall be simple, concise, and direct" have successfully eluded the attention of both counsel.

It is possible to discern that the plaintiff seeks a declaratory judgment concerning the Patent mentioned, that it has not been infringed by plaintiff and is invalid; that a controversy exists between the parties touching those matters and thus the juris-

diction is present which the plaintiff invokes.

The allegations purporting to identify the controversy by calling attention to its several manifestations are discursive, explanatory, evidential, and in the respect later discussed, somewhat ambiguous. Whether they invite a response in kind is to suggest that which is perhaps of no help in the disposition of this motion; suffice it to say that, however urbane the purpose of the Federal Rules in removing technical barriers to an early decision on the merits of a given controversy, it is not apparent to me that a premium upon incoherence is thereby prescribed.

The amended answer contains 32 paragraphs in place of the 23 contained in the original; of those, 11 were embraced under the heading of distinct and separate defenses "and by way of counterclaim".

The amended answer contains a similar designation of paragraphs 12 to 26, inclusive.

Then follow paragraphs 27 and 28, designated in like manner and "by way of a second counterclaim".

Paragraphs 29 and 30 follow under the same caption which includes "a third counterclaim", and 31 and 32 are also introduced in the same form, only this time there is a "fourth counterclaim".

Each purported counterclaim is for $100,-000, making an apparent total of $400,000.

The second, third, and fourth are each of two paragraphs, the first of which realleges by reference paragraphs 12 to 25. These paragraphs are the same as those comprehended in paragraphs 12 to 22 of the original answer with verbal changes by way of elaboration only.

Seemingly the defendants rely upon: (a) unfair competition on the part of the plaintiff in marketing during 1948 and 1949 "a substantially identical copy, imitation and simulation of the distinctive, original and unique infant's garment with the same functional and non-functional external and internal shape and appearance (as defendants') with the intention of causing confusion" between the products of the parties. The plaintiff's alleged misconduct is ex-

panded and characterized in paragraphs 17, 18 and 19.

(b) Infringement by plaintiff of the Patent in question, which was procured to protect the garment "insofar as protectable by U. S. Letters Patent"—whatever that means.

So much repays the patience of one who reads paragraphs 12 to 25, inclusive of the amended answer.

I am satisfied that the latter does not comply with the order of Judge Kennedy, in that:

(1) It does not separately state the causes of action "apparent in the counterclaim", i. e., it is not even reasonably clear whether defendants assert and intend to uphold the validity of their Patent, and demonstrate its alleged infringement by plaintiff.

If reliance is to be had on alleged unfair competition as a thing apart from infringement, the plaintiff is entitled to be so apprised according to the quoted requirements of the said order. This is important within Rule 8(d) in view of Rule 13.

(2) It fails to set forth the claims of the said Patent upon which defendants rely.

The further question is argued as to the effect of the apparent importation of unfair competition into the controversy.

If that subject was introduced by plaintiff as a distinct basis of his claim for relief, the defendants of course were required to meet the issue. It is not too clear that such was the plaintiff's purpose, and rately stated; however, certain of the matters alleged in paragraphs Eighth, Tenth, matters alleged in paragrahs Eighth, Tenth, Eleventh, Twelfth, Twenty-second and Twenty-fourth are consistent with claims for unfair competition, as is the prayer for relief in which in addition to an injunction the plaintiff seeks "an accounting of profits and damages arising out of said unfair competition".

Such a pleading apparently was before the Court in a declaratory judgment cause, Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311.

Concerning the alleged misuse of the patent there the Court says, in 182 F.2d at

page 313: "The validity and scope of the patent and the right of the plaintiffs, notwithstanding it, to conduct their business as they have, are here involved. This cause of action is, therefore, within § 1338(b) of the Judicial Code and the court has jurisdiction of it."

The foregoing is descriptive of the contrast between the plaintiff's cause for a declaratory judgment touching the patent, and their effort to have an unregistered trade-mark used by defendants held invalid; as to that the Court said that the respective rights as asserted did not depend upon substantially the same facts, and jurisdiction anent the trade-mark aspect of the controversy did not obtain in the absence of diversity.

 The effect of that decision here is, that this plaintiff's claim for relief against unfair competition having been woven into its claim for relief against the patent—as it seems to me unnecessarily and at the expense of clarity—the court has jurisdiction of that aspect of the plaintiff's cause in spite of the lack of diversity of citizenship between the parties; another effect of this choice of presentation was to require of the defendants that they either admit or deny the alleged unfair competition. They have chosen the latter course, not simply, directly and concisely as the Rules prescribe, but in cumbersome and ponderous measure, perhaps not wishing to be outdone in circumlocution.

So far as paragraphs 12 to 26 are concerned, there is a failure to separately state a counterclaim; these paragraphs really set forth denials and perhaps matters of defense. If a counterclaim is to be asserted as defined in Rule 13(a), it should be pleaded as such. If separately numbered and pleaded, it cannot be stricken for lack of jurisdiction, since it arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim", Rule 13(a) namely, the unfair competition asserted by plaintiff.

The so-called second, third and fourth counterclaims are stricken because they include in each instance paragraphs 12 to 25, inclusive, above discussed, and participate in the infirmities hereby thereto attributed; moreover they introduce no new causes and are entirely redundant.

I think the demand for a jury trial should be stricken as untimely within Rule 38(b), since it was not served within 10 days after the original answer was filed on February 28, 1950. That pleading raised the issue of unfair competition as it has been the effort to show, and the answer among many other things was "directed to that issue". Later motions directed to the pleadings did not automatically extend the ten day provision of the Rule.

Motion granted to the extent indicated; order to be settled on 2 days' notice, to provide that the defendants shall have 10 days' time, after service of the order, in which to file a second amended answer in compliance with the order of April 11, 1950, and the one to be entered on this decision.