CUTTING ROOM APPLIANCES CORP. v.
EMPIRE CUTTING MACHINE
CO., Inc., et al.

No. 80, Docket 21795.

United States Court of Appeals,
Second Circuit.

Argued Dec. 6, 1950.
Decided Jan. 22, 1951.

Henry L. Burkitt, New York City, for plaintiff-appellee.

Mock & Blum, New York City, Asher Blum, New York City, for defendants-appellants.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

[1,2] The plaintiff, a New York corporation, sued the defendants, also New York corporations, for the infringement of a patent for a machine for laying cloth, and for unfair competition consisting in the sale of infringing machines. The defendants answered by denying such allegations generally. They also filed a counterclaim alleging the invalidity and non-infringement of the patent and that the plaintiff had unfairly competed with them. They sought both a temporary and permanent injunction and a declaration of non-infringement. The gist of the alleged unfair competition was that the plaintiff, knowing that it had "no valid claim for patent infringement or unfair competition against defendants," had commenced the suit in order to give "untrue notices of patent infringement and unfair competition by defendants to the trade, thus intimidating the customers of defendants and thus causing said customers to refuse to purchase cloth laying machines from defendants * * *" As there was no diversity, the court dismissed the counterclaim for lack of jurisdiction and the defendants have appealed, as they may since there was a prayer for an injunction. Drittel v. Friedman, 2 Cir., 154 F.2d 653. The review of orders made appealable by statute [1] regardless of finality is not touched by Rule 54(b) Fed. Rules Civ. Proc. 28 U.S.C.A. Its purpose is to provide a way for determining whether a judgment, which would not otherwise appear to be final and would not be appealable unless final, is final for appeal purposes. Cf. Dickinson v. Petroleum Conversion Corporation, 338 U.S. 507, 70 S.Ct. 322.

The district court did, of course, have jurisdiction of the suit for patent infringement and the defendants could counterclaim to have the patent held invalid or, if valid, not infringed. Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450. So the dismissal of the entire counterclaim cannot be sustained. But a more difficult problem to solve is whether there was jurisdiction over the cause of action for unfair competition alleged in the counterclaim. The appellants insist that there was by virtue of 28 U.S.C.A. §§ 1338, 2201 and 2202, and also under the Lanham Act, 15 U.S.C.A. § 1126(b), (h) and (i).

Section 1338 of the Judicial Code provides that: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws." It was enacted to give a statutory basis for the so-called Hurn v. Oursler [2] rule, which, as it was interpreted in Derman v. Stor-Aid, Inc., 2 Cir., 141 F.2d 580, would not bring this counterclaim for unfair competition within the district court's jurisdiction.

In Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311, however, we had a situation like this, the only difference being that there the cause of action for unfair competition was joined to the complaint in a suit for a judgment declaring, among other things, the patent invalid. Since, as we have seen, a counterclaim will lie to raise the issues of infringement or invalidity, we can see no difference in the legal situation between the joinder of the non-federal claim with the federal in the complaint, as in that case, and in the

---

1. 28 U.S.C.A. § 1292.

2. 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed 1148.

counterclaim, as in this. Here, as there, the alleged misuse of the patent was the owner's giving the trade untrue infringement notices when it knew the patent was invalid. Here, as there, the right of the patent owner so to use the patent involves the validity and scope of it, as does the right of the defendants to conduct their business as they have. This shows the statutory relationship needed to give the court jurisdiction of the non-federal claim under § 1338 and Derman v. Stor-Aid, Inc., 2 Cir., 141 F.2d 580, which was previously overruled *sub silentio,* is now expressly overruled.

As this conclusion requires a reversal of the order and a remand of the cause, we find it unnecessary to decide whether any of the other statutes upon which the appellants rely require the same result.

Reversed and remanded.