The GENERAL CELLULOSE COM-
PANY, Inc., Plaintiff,

v.

WHITESTONE PRODUCTS CO., Inc. and
Sidney Yakerson, Defendants.

Civ. A. No. 16972.

United States District Court
E. D. New York.

Dec. 11, 1956.

Percy Freeman, New York City, Samuel J. Stoll, Jamaica, N. Y., of counsel, for plaintiff.

Benjamin Sweedler, Davis & Quat, New York City, of counsel, for defendants.

GALSTON, District Judge.

This is a motion by the plaintiff pursuant to Rules 12(b) and 41(c) of the Rules of Civil Procedure, 28 U.S.C.A. to dismiss the counterclaim for failure to state a claim upon which relief can be granted.

The complaint sets forth two causes of action; one alleging patent infringement, and a second cause of action for wrongful use of a trade secret alleged to be related to and arising from the same facts which gave rise to the claim of infringement set forth in the first cause of action.

The defendants filed an "answer and counterclaim". The plaintiff's motion is directed to the sufficiency of the counterclaim. After denial of the essential allegations of the complaint, the counterclaim, which is set forth in many facets, first urges jurisdiction by alleging an actual controversy exists between the parties within the meaning of Section 274d of the Federal Judicial Code.[1]

---

1. Now 28 U.S.C.A. §§ 2201, 2202.

So far as this Paragraph VII of the counterclaim alleges a claim for a declaratory judgment, the motion of the plaintiff is not directed against that part of the counterclaim.

A second phase of the counterclaim alleges that the plaintiff knowing that the patent in suit is not infringed by the defendants, and knowing that it is invalid, "filed the present suit wantonly, maliciously and wrongfully, to intimidate customers and potential users of Whitestone not to do business with Whitestone." In this paragraph it is alleged that Whitestone has no adequate and complete remedy other than by counterclaim.

As to that part of plaintiff's motion which relates to this matter of unfair competition set forth in Paragraphs VIII and IX of the counterclaim, it must be said that all of the allegations are not to be commended as bearing upon unfair competition; but basically a counterclaim of unfair competition in a patent infringement suit is supported by Cutting Room Appliances Corp. v. Empire Cutting Machine Co., Inc., 2 Cir., 186 F.2d 997, 998. Judge Chase, writing for the Court of Appeals, followed Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311, and said:

"Since, as we have seen, a counterclaim will lie to raise the issues of infringement or invalidity, we can see no difference in the legal situation between the joinder of the non-federal claim with the federal in the complaint, as in that case, and in the counterclaim, as in this. Here, as there, the alleged misuse of the patent was the owner's giving the trade untrue infringement notices when it knew the patent was invalid. Here, as there, the right of the patent owner so to use the patent involves the validity and scope of it, as it is the right of the defendants to conduct their business as they have. This shows the statutory relationship needed to give the court jurisdiction of the non-federal claim under § 1338 and Derman v. Stor-Aid, Inc., 2 Cir., 141 F.2d 580, which was previously overruled sub silentio, is now expressly overruled."

Authorities cited in support of the motion, such as Stanley Works v. C. S. Mirsick & Co., D.C., 1 F.R.D. 43; Bach v. Quigan, D.C., 5 F.R.D. 34, and Park Bridge Corp. v. Elias, D.C., 3 F.R.D. 94, do not prevail over Cutting Room Appliances Corp. v. Empire Cutting Machine, supra. However, I agree with Judge Hincks in his statement in Stanley Works v. C. S. Mirsick & Co., supra, that if the counterclaim set up only an action of malicious accusation, then the plaintiff's motion would have to be granted. In consequence, Paragraphs VIII and IX of the counterclaim will be limited strictly to matters of unfair competition.

The plaintiff's motion also attacks that part of the counterclaim alleged in Paragraph IX thereof, in which the defendant alleges that the plaintiff has marked bed pads not covered by said letters patent in suit with the number of said patent, and "in its advertising has indicated that its bed pads are patented for the purpose of deceiving the public, etc." Plaintiff calls attention to Paragraph VI of the prayer for relief, which seeks an award to Whitestone of "the appropriate share of the fine set forth in sec. 292 of the Patent Codification Act, Title 35, imposed on plaintiff for false marking of its products." This part of plaintiff's motion will be granted without prejudice to any rights, if any, which the defendants, or either of them, may have in connection with the alleged false marking as set forth in sec. 292(b), Title 35 U.S.C.A.

Plaintiff's motion is granted only in part, as indicated. Settle order on notice.