**INTERNATIONAL INDUSTRIES AND DEVELOPMENTS, Inc., Appellant,**

v.

**FARBACH CHEMICAL COMPANY, Inc., Appellee.**

**No. 12900.**

United States Court of Appeals Sixth Circuit.

Feb. 21, 1957.

Stewart, Circuit Judge, dissented.

---

32. The Supreme Court in the American System of Government, by Robert H. Jackson, pp. 81 and 82-3.

Clarence B. Des Jardins, Cincinnati, Ohio (Des Jardins & Robinson, Cincinnati, Ohio, on the brief), for appellant.

J. Warren Kinney, Jr., Cincinnati, Ohio (Edwin J. Hayes, Cincinnati, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

MARTIN, Circuit Judge.

The plaintiff in the district court [appellant here] brought an action against the defendant [appellee] seeking an injunction and an accounting for profits and damages for alleged infringement of a patent owned by the plaintiff-appellant, namely No. 2,628,199, for a dip-type silver cleaner. The district court found as a fact that the defendant-appellee's dip-type silver cleaner does not infringe upon the claims of the aforementioned patent. We think this finding is supported by substantial evidence and is not clearly erroneous.

It was found further by the district court that, as of April 9, 1953, the plaintiff, without prior notice to the defendant, mailed 8,000 letters on the letterhead of its Washington patent attorney, signed by him, to the "trade" comprising manufacturers, dealers, jobbers and retailers of dip-type liquid silver cleaners, wherein attention was directed to the plaintiff's patent rights in dip-type liquid and powder silver cleaners which work instantly and are economical and convenient to use. The letter stated that dip-type cleaners had been highly publicized during the preceding year, including publicity given in articles in Readers Digest and numerous national maga-

248

zines, and expressly stated that manufacturers of five specifically named brands —all of whom were mentioned in the Readers Digest article—had been licensed under the plaintiff's patent rights.

The letter then concluded: "Please consider this as your formal notice that no manufacturers of brands other than those listed above have been licensed by our client [the plaintiff-appellant], and that any persons, firms or corporations manufacturing, advertising, selling or distributing dip-type silver cleaning liquids or powders in violation of our client's patent rights, do so at their peril. Any infringement will be liable to prosecution."

It would seem that the average recipient of this letter would construe it as meaning that he might become involved in litigation, if he distributed dip-type silver cleaning liquid or powder received from or manufactured by anyone not licensed under plaintiff's patent. That the letter was so construed is indicated by the action of numerous customers of the defendant-appellee, who either ceased to use the defendant's silver-dip or inquired of the defendant whether or not defendant was licensed under the plaintiff's patent.

■■ The majority of the court concurs with the district court in its holding that this letter, sent to the trade, including appellee, constituted adequate notice to the defendant-appellee of alleged infringement of plaintiff's patent rights. The court concurs further in the finding of the district court that the foregoing letter was the primary and direct cause of the loss to defendant-appellee of its dip-type liquid silver cleaner business. Moreover, the record supports the conclusion of the trial court that the issuance of the notice of infringement was done in implied malice in law, if not in actual malice, and in bad faith constituting unfair competition.

■ It is held further that there is substantial evidence to uphold the finding of the district court that the defendant has sustained the required burden of proof on its counterclaim; and that the award of damages on the counterclaim to the extent of $100,000 and of counsel fees in the amount of $15,000 is supported by the evidence and is lawful.

Wherefore, upon the basis of the findings of fact and the conclusions of law of the district court its judgment is affirmed.

STEWART, Circuit Judge (dissenting).

In my opinion the sending of the letter of April 9, 1953, to the "trade" did not constitute an actionable wrong against the appellee. I have difficulty in reading the letter as a notice to the appellee of infringement, but even if it be so interpreted, I am unable to find in the record sufficient evidence to support the conclusion that the letter was sent maliciously or in bad faith. Kaplan v. Helenhart Novelty Corp., 2 Cir., 1950, 182 F.2d 311, 313–14; Alliance Securities Co. v. De Vilbiss Mfg. Co., 6 Cir., 1930, 41 F.2d 668, 670; Coats Loaders & Stackers, Inc., v. Henderson, 6 Cir., 1956, 233 F.2d 915, 926.

In this view of the case the question of damages is not reached, but upon that issue too I would seriously doubt the sufficiency of the evidence to show that the letter in question was a proximate cause of the appellee's loss of business.

I would accordingly reverse the judgment of the district court on the counterclaim.