**RIVER BRAND RICE MILLS, INC.,**
**Appellant,**

v.

**GENERAL FOODS CORPORATION,**
**Appellee.**

**No. 21004.**

United States Court of Appeals
Fifth Circuit.

July 10, 1964.

Garrett R. Tucker, Jr., Delmar L. Sroufe, Houston, Tex., Marcus B. Finnegan, Washington, D. C., George B. Finnegan, Jr., New York City, Edward S. Irons, Washington, D. C. (Irons, Birch, Swindler & McKie, Washington, D. C., Morgan, Finnegan, Durham & Pine, New York City, Baker, Boots, Shepherd & Coates, Houston, Tex., of counsel), for appellant.

Jack W. Hayden, Houston, Tex., Walter D. Ames, Michael J. Quillinan, White Plains, N. Y., Ralph H. Hudson, Washington, D. C. (Cameron, Kerkam & Sutton, Washington, D. C., Hayden & Pravel, Houston, Tex., of counsel), for appellee.

Before RIVES and BROWN, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge.

This is an interlocutory appeal under 28 U.S.C.A. § 1292(b).

Plaintiff-appellee filed suit against the defendant-appellant for infringement of four patents relating to quick-cooking rice. The complaint was amended by the addition of a "Second Cause of Action", claiming the misappropriation of trade secrets through the agency of Lawrence Lynn. Lynn was an employee of appellee and thereafter became an employee of appellant. He was made a defendant by the amendment. The trade secrets are alleged to be unpatented improvements on the process.[1]

Appellant contends that lacking diversity the Court is without jurisdiction of the amended claim in that it is not *related* to but is separate and distinct from the claims asserted in the original complaint and, therefore, falls without Section 1338(b) of 28 U.S.C.A.[2]

Appellee contends that its amended claim falls within Section 1338(b); and that in any event it cannot be said, at this stage, and as a matter of law, that the original and amended claims are not *related* within the purview of Section 1338(b).

The trial court overruled the appellant's motion to dismiss.

The disagreement herein stems from the difference between the parties as to the reach of Section 1338(b), and to what extent, if any, it has liberalized the pendent jurisdiction rule spelled out in

---

1. In paragraph 13 of the amended complaint it is averred:

    "In the course of development of the aforesaid improved process and of commercial production of the aforesaid improved product, plaintiff also acquired much additional unpatented valuable and proprietary information relating to the production of quick-cooking rice and including manufacturing techniques, manufacturing equipment, quality control procedures, marketing data, product specifi-
cations, and other related confidential and proprietary information to which plaintiff is exclusively entitled and which plaintiff has preserved and continues to preserve in confidence."

2. "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and *related* claim under the copyright, patent or trademark laws. June 25, 1948, c. 646, 62 Stat. 931." (Emphasis supplied)

Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

In Hurn the court said that its rule of pendent jurisdiction did "not go so far as to permit a federal court to assume jurisdiction of a *separate and distinct* nonfederal cause of action because it [was] joined in the same complaint with a federal cause of action."

In Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 5 Cir., 240 F.2d 814, this Court observed that Hurn was codified in Section 1338(b). But does Section 1338(b) do more than merely codify Hurn?

The answer is not found solely in the definition of the word "related"[3] as employed in Section 1338(b) but in the harmonizing of the legislative objective[3a] of the statute with the rule announced in Hurn in a manner that will accord recognition to the objective without contravening the rule. The answer is not an easy one.

The attempt on the one hand to precisely equate the "related" claim of Section 1338(b) with the rule in Hurn and on the other hand to read into the former an enlargement of the rule has led to the adoption of what Professor Moore refers to as the narrower and broader views of "related". Moore[4] makes the following statement as to Section 1338 (b).

> "This subsection stems from Hurn v. Oursler, is thoroughly consistent with that case, but goes much further than the facts required the Court to go in that case. Under § 1338(b) there is jurisdiction of the claim of unfair competition when the claim under the copyright, patent or federal trade-mark law is substantial and related to the claim of unfair competition. While some courts have insisted that the latter claim of unfair competition involve essentially identical facts, this view is too restricted. It suffices if there is a real factual or legal relation. If this broad and fair construction of the subsection is applied, it will carry out the revisers' intention 'to avoid *piecemeal* litigation'; and federal jurisdiction to this limited extent has been broadened."

The Seventh Circuit holds[5] that for a claim to be "related", "[i]t must appear that both the federal and nonfederal causes rest upon substantially identical facts", and to like effect is the Eighth Circuit case of Fry v. Layne-Western Company, 282 F.2d 97.

The Third Circuit in O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1, 12, stated that a related claim was one "which may be proved by substantially the same facts," but that "virtual identity of proof" was not required.

The Sixth Circuit in Lyon v. Quality Courts United, Inc., 249 F.2d 790, held that where the claim of unfair competition was "closely related", the federal court had jurisdiction.

In Pursche v. Atlas Scraper and Engineering Co., 9 Cir., 300 F.2d 467,[6] 483 and 484, the court noted the conflict among the Circuits and stated that the more liberal construction, to the effect that "if there exists a 'considerable overlap in their factual basis' and if a substantial amount of the evidence of one

---

3. Within the context of Section 240(f) of the Revenue Act of 1926 providing for the consolidation of the accounts of "two or more *related* businesses," the court in Nowland Realty Co. v. Commissioner, 7 Cir., 47 F.2d 1018, held that: " 'Related' means 'standing in relation; connected; allied; akin.' "

3a. See Reviser's Note to the section wherein it is stated:
"Subsection (b) is added and is intended to avoid 'piecemeal' litigation to enforce common-law and statutory copyright, patent, and trade-mark rights by specifically permitting such enforcement in a single civil action in the district court."

4. Moore's Federal Practice, (2d Ed.) Volume 1, par. 0.60, pp. 658, 659.

5. Powder Power Tool Corp. v. Powder Actuated Tool Co., 230 F.2d 409, 413.

6. Cert. denied 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed.2d 170, rehearing denied 371 U.S. 959, 83 S.Ct. 499, 9 L.Ed.2d 507.

claim be relevant to the other," better serves to attain the legislative purpose than the more restrictive construction that requires that both causes rest on "substantially identical facts." [7]

Brown & Root, Inc. v. Gifford-Hill & Company, 5 Cir., 319 F.2d 65, did not involve a Section 1338(b) claim. In applying Hurn in that case we held that not only would the federal claim be determined "but others arising from essentially the same facts."

The authorities sustaining the more liberal construction in order to facilitate joinder and avoid piecemeal litigation appear to more nearly meet both the objective of the statute and the rule in Hurn than do those applying the narrower view of the word "related". The former view does not in our opinion run counter to the rule in Hurn and commends itself to us as being the correct view.[8]

Newport Industries v. Crosby Naval Stores, 5 Cir., 139 F.2d 611, did not involve a secret unpatented improvement.

In Colgate-Palmolive Company v. Carter Products, Inc., 4 Cir., 230 F.2d 855, 863, the court in an opinion by Judge Parker sustained certain findings of the trial court that the defendant had misappropriated the plaintiff's trade secrets. Among the secrets described in the findings was one which the court found "was not disclosed or claimed" in plaintiff's patent.[9] The award of damages for misappropriation as well as for patent infringement was upheld.

At this stage of the case it cannot be said as a matter of law that the claim for patent infringement and that for unfair competition are not related. We do not know and will not anticipate what the evidence will be on the trial or to what extent, if any, it may show that the claims are related, Duke v. Sun Oil Company, 5 Cir., 320 F.2d 853, 866; Gulf Oil Corporation v. Wright, 5 Cir., 236 F.2d 46, 53, nor do we state that a full-blown trial is necessary for the determination of that issue. Carss v. Outboard Marine Corporation, 5 Cir., 252 F.2d 690, 693. Such determination is for the court below.

The trial court did not err in overruling appellant's motion to dismiss, and its action is

Affirmed.

---

7. In Wham-O-Mfg. Co. v. Paradise Manufacturing Co., 327 F.2d 748 (decided January 31, 1964), the Ninth Circuit stated that: "[T]he term 'related' refers to probative facts; it means that part of the proof in support of one claim be common to the other."

8. This conclusion is strengthened by the decision of the Supreme Court in J. I. Case Company v. Borak, 84 S.Ct. 1555 (decided June 8, 1964). Although not a case under Section 1338(b), but one involving a state cause of action based upon diversity claiming a breach of director's fiduciary duty to the stockholders of a corporation joined with a federal cause of action under Section 14(a) of the Securities Exchange Act of 1934, the decision evidences a continuing liberal trend respecting joinder of federal and non-federal claims in a closely related jurisdictional area.

9. See Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921, where the court sustained a judgment for unfair competition based on the use of confidential information disclosed solely in aid of an abortive attempt to negotiate a license agreement, though the court denied recovery for the alleged patent infringement. See also O'Brien v. Westinghouse Electric Corporation, supra, 293 F.2d at 13, where the court said:

"Aside from the issue of chronological identity it is clear that a claim for unfair competition based on the misappropriation of a novel idea given in confidence is related to a claim for patent infringement under 28 U.S.C.A. § 1338(b)."