**DYNAMIC INSTRUMENT CORPORA-
TION, Plaintiff,**

v.

**FEDTRO, INC., and Robert D. Kahn,
Defendants.**

**No. 66–C–334.**

United States District Court
E. D. New York.

April 19, 1967.

---

Morgan, Finnegan, Durham & Pine, New York City, for plaintiff; John C. Vassil, Eugene E. Geoffrey, Jr., Alfred P. Ewert, New York City, of counsel.

Herman H. Solnit, New York City, for defendants; Morton Amster, Jesse Rothstein, of Amster & Rothstein, New York City, of counsel.

BARTELS, District Judge.

Defendants Fedtro, Inc. and Robert D. Kahn (Fedtro) move for summary judgment pursuant to Rule 56, Fed.Rules Civ. Proc., 28 U.S.C.A., and Rule 9(g) of the General Rules of this Court, seeking dismissal of the claims recited in Counts IIA, IIB (Par. 21), IIC, and III of the amended supplemental complaint of plaintiff Dynamic Instrument Corporation (Dynamic), upon the ground that these claims present no genuine issue of a material fact.

This is a patent infringement case, to which there is joined a claim for unfair competition. Jurisdiction is predicated upon 28 U.S.C.A. §§ 1331, 1338(a) and (b), 2201–2202, 35 U.S.C.A. § 292, and 15 U.S.C.A. § 1125. In brief, the original complaint as amended and supplemented alleges that Dynamic is the owner of patent number 3,209,230 covering a battery charger employed in recharging dry cell batteries used to power toys, flashlights, radios, etc., which was invented by Joseph A. Mas, an officer of Dynamic. Fedtro is charged with (i) using and selling battery chargers which infringe upon said invention and patent; (ii) intentionally and falsely marking its battery chargers; (iii) engaging in false and misleading advertising concerning its product's country of origin and the existence of patent rights; and (iv) engaging in unfair competition.

Fedtro in its answer admits that its product was imported from Japan but denies the validity of Dynamic's patent and claim of infringement, and also counterclaims for a declaratory judgment holding the patent invalid. Dynamic heretofore moved pursuant to Rule 65, Fed.Rules Civ.Proc., 28 U.S.C.A., for a preliminary injunction restraining Fedtro from committing the acts charged in the complaint but the motion was denied, which brings us to the gravamen of the present application.

## COUNT IIA

In this count Dynamic charges Fedtro with misleading and false markings on the housing of its battery charger product and on the display card attached thereto. It asserts that a notice appears on the charger and the card reading as follows:

"Patent Application Nos. 40–10830 and 40–030524" and further, that Fedtro's advertising material contains a statement which reads:

"NOTICE: Patents and/or design patents for this product have been registered by the manufacturer in the country of origin. Litigation proceedings will be instituted against any individuals or companies infringing on such rights."

In addition, Dynamic alleges that the first notice indicates that a patent application is pending in the United States when in fact there is no such United States patent application; and that as far as the second notice is concerned, there was no patent registered in Japan, the country of origin, during the period between November, 1965 and March 31, 1966. To this Fedtro answers that it is the assignee of the Japanese design and utility patent application and the corresponding United States design and utility patent applications filed prior to the institution of the lawsuit, and that accordingly it is entitled to use the above markings. Dynamic replies that the four patent applications alleged to cover Fedtro's battery charger product did not exist during the period between November, 1965 and March, 1966, when Fedtro's product was being promoted and sold in the United States; that moreover, the applications do not accurately and faithfully cover Fedtro's product, and that the markings do not comply with the requirements of 35 U.S.C.A. § 292.

These claims conflict and clearly present a genuine issue of fact.

## COUNT IIB (Par. 21)

This count charges Fedtro with false designation of origin by using the phrase

"U. S. Engineered & Produced in Japan" on the housing of Fedtro's battery charger product, thus leading the public to believe that this product is engineered in the United States. Dynamic asserts that the truth is that Fedtro's patent applications were filed in the name of a Japanese national—Hajime Ota; that the first patent applications were Japanese applications (which Dynamic alleges means that the Japanese national developed, designed and constructed the battery charger product) and further, that Fedtro's products are assembled in Japan by Japanese. According to Dynamic, the above phrase is misleading and obscures the actual country of manufacture when it appears as a single entity rather than in separate segments such as "U. S. Engineered" and "Produced in Japan". Fedtro simply denies that its use of the phrase as a single entity is misleading or is a false designation of the country of origin.

■ The claims of the parties in this count differ and require an interpretation and resolution of fact which cannot be summarily determined.

## COUNT IIC

■ In the above count Dynamic alleges that it has developed a battery charger having the quality of being "automatic", in that it, by itself, terminates the charge operation when the batteries inserted therein are fully charged. Fedtro's battery charger, according to Dynamic, is not automatic but Fedtro nevertheless, with full knowledge of this fact, is diverting trade from Dynamic by falsely representing and describing its product as "automatic". Fedtro answers that its use of the term "automatic" in describing its battery charger is fully accurate despite the fact that its charger does not terminate the charging operation when the inserted batteries are fully charged. It claims that such termination is immaterial and that its use of the word "automatic" is proper because its product charges 9 volt batteries automatically, in the sense that the charge begins by plugging the battery into a special built-in socket in the charger without the use of any adapters or gadgets. Thus the issue is joined as to the meaning of the word "automatic" when used in the description of battery chargers. Clearly, this question cannot be determined upon affidavits. The resolution of this issue requires testimony as to the meaning of the term "automatic" in the industry concerned with manufacturing battery chargers and in the marketplace where battery chargers are sold and distributed. Whether the testimony will be obtained from leaders or experts in the industry or from wholesalers or retailers or from the ordinary consumers is a matter to be

determined at the trial. What is understood by this term in this industry is obviously not a question of law but a question of fact.

## COUNT III

A more difficult question is presented by the joinder of this count to the other counts in the complaint. Count III is specifically addressed to the charge of unfair competition, although there are claims of unrelated unfair competition in Counts IIB and IIC which need not be here considered. Dynamic inserted a notice in trade publications and sent notices to its sales representatives to the effect that it had instituted a suit against Fedtro for infringing upon Dynamic's patent. In Count III Dynamic claims that Fedtro, with malicious intent, sent notices and telegrams to Dynamic, its sales representatives and its customers, asserting that Fedtro had instructed its attorneys to take immediate action against Dynamic for intimidating its buyers, in which communications Fedtro demanded immediate discontinuance of Dynamic's "unlawful practice", all of which interfered with Dynamic's business.

[4] The holder of a patent has a right to notify the trade that the defendant's articles of manufacture infringes its patent rights and that it has instituted proceedings for patent infringement, provided of course, that in so doing the patent owner acts honestly and in good faith. Virtue v. Creamery Package Mfg. Co., 1912, 227 U.S. 8, 34–38, 33 S.Ct. 202, 206–208, 57 L.Ed. 393; Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 2 Cir. 1951, 186 F.2d 997; Kaplan v. Helenhart Novelty Corporation, 2 Cir. 1950, 182 F.2d 311; American Ball Co. v. Federal Cartridge Corporation, 8 Cir. 1934, 70 F.2d 579, 98 A.L.R. 665.

▋ Therefore, if the action of Fedtro in accusing Dynamic of "unlawful practice" was taken in bad faith and interfered with or invaded Dynamic's property rights, then it constituted a tortious act under state law but not under the patent law. American Well Works Co. v. Layne & Bowler Co.,[1] 1916, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987. The remaining problem, of course, is whether Dynamic may join this non-federal cause of action as against Fedtro to its claim for patent infringement. There is no diversity jurisdiction between the parties in this case so that jurisdiction as to this claim, must be founded upon pendent jurisdiction. Section 1338(b), 28 U.S.C.A., expressly provides that this Court has original jurisdiction of any action for unfair competition "when joined with a substantial and related claim" under the patent law. The question posed is whether this non-federal claim for unfair competition is substantially related to the claim for patent infringement.

The answer is not conclusively determined by the definition of the word "related" as employed in Section 1338(b). Congressional intent must also be consulted. As appears from the reviser's note to that section, the purpose of the section was to avoid piecemeal litigation to enforce common law and statutory patent rights by permitting the enforcement thereof in a single action in the district court. The circuit courts are not in complete agreement as to the proper test to employ to determine what constitutes a "related" claim as used in the section. In some circuits the court limits the definition of the related claim to one which rests upon substantially identical facts. In other circuits a more liberal construction is adopted and joinder is permitted if there exists a considerable overlap in the factual basis of the two claims. These diverse viewpoints in the circuits are noted in both Pursche v. Atlas Scraper and Engineering Co., 9 Cir. 1961, 300 F.2d 467, 483–484, cert. denied, 1962, 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed. 2d 170, and River Brand Rice Mills, Inc. v. General Foods Corp., 5 Cir. 1964, 334

1. Cf., Maternally Yours v. Your Maternity Shop, (Clark, C. J.), 2 Cir. 1956, 234 F.2d 538.

852

F.2d 770, 772, cert. denied, 379 U.S. 998, 85 S.Ct. 716, 13 L.Ed.2d 700.

■■■■ In this circuit virtual identity of proof of federal and non-federal claims is no longer required. It is sufficient if there is considerable overlap in the factual basis of the two claims. Maternally Yours v. Your Maternity Shop, 2 Cir. 1956, 234 F.2d 538. Judge Clark in his prophetic dissent in Musher Foundation v. Alba Trading Co., 2 Cir. 1942, 127 F.2d 9, pointed out that the test of joinder is not that the claim for patent infringement must be a counterpart of the non-federal claim for unfair competition. If the core of plaintiff's grievance is substantially the same in both claims, the court should assume jurisdiction in order to prevent double harassment to the defendants and at the same time to save the plaintiff from the expense of two lawsuits. Here the claim does not fall within the classic definition of unfair competition because the charge is not that Fedtro attempted to "palm off" its products as those of Dynamic, or in any way to appropriate Dynamic's good will. On the contrary, the charge is predicated upon intimidation of Dynamic's customers and loss of business by reason of unauthorized and wrongful conduct. The test in both cases, however, is the same. Dynamic had a right to insist that its patent rights be respected and if it acted in good faith, there was no basis for Fedtro's claim for "unlawful practice". In order to establish Fedtro's wrongful conduct in the unfair competition claim, it will be necessary for Dynamic to establish that it acted in good faith in believing that its patent was valid and that there was infringement. The issue of patent validity and infringement will also be present in Dynamic's claim under the patent law. There is thus a substantial overlap and the two claims are related within the purview of Section 1338(b), 28 U.S.C.A. Accordingly, the application with respect to the above count must also be denied.

Therefore, defendants' motion for summary judgment is hereby denied in all respects. This is an order.