**DENYS FISHER (SPIROGRAPH) LIMITED, etc., et al., Plaintiffs,**

v.

**LOUIS MARX & CO. OF W. VA., INC., etc., Defendant.**

**Civ. A. No. 68–6–W.**

United States District Court
N. D. West Virginia.

Dec. 4, 1969.

Phillips & Holden, Wheeling, W. Va., for plaintiff.

Gompers & Buch, Wheeling, W. Va., for defendant.

## MEMORANDUM

MAXWELL, Chief Judge.

Plaintiffs, Denys Fisher (Spirograph) Limited and Kenner Products Company have moved to strike the counterclaim for unfair competition filed by defendant Louis Marx & Co. of W. Va., Inc., under 28 U.S.C.A. § 1338(b) (1964).

On February 12, 1968, plaintiffs instituted this civil action charging defendant corporation with infringement of U. S. Letter Patent Reissue No. 26,341. Denys Fisher, Ltd. is the owner of the Letter Patent and Kenner Products the sole American licensee. In its answer, defendant denied the validity of the reissue patent, at least as applied to it, and denied any infringement on its part. Furthermore, defendant asserted in its answer the counterclaim for unfair competition which subsequently became the object of plaintiffs' motion to strike, here considered.

The particular acts of unfair competition alleged are plaintiffs' use of the fact of the existence of this action at the 1968 Toy Fair to discourage business customers from purchasing defendant's Item No. 100. Plaintiffs, in opposition urge that defendant's proper alternative cause of action is for malicious prosecution and this would be premature until termination of this infringement action in defendant's favor.

█ The statute under which the counterclaim is brought, 28 U.S.C.A. § 1338(b), was enacted to enable the United States District Courts to assume pendent jurisdiction of non-federal claims for unfair competition while deciding claims brought under the patent, trademark or copyright laws. As such, 28 U.S.C.A. § 1338(b) is largely the statutory codification of prior judicial decisions, notably, Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Unfair competition under the statute may be alleged as a counterclaim, as here, if a substantial and related counterclaim exists under the patent laws of the United States. Cutting Room Appliances, Corp. v. Empire Cutting Machine Co., 186 F.2d 997, 998–999 (2d Cir. 1957), Rohm & Haas Co. v. Chemical Insecticide Corp., 171 F.Supp. 426, 431 n. 4 (D.Del.1959).

█ As an inherent part of any concept of pendent jurisdiction, the propounded claim or counterclaim must be predicated directly upon federal jurisdiction. A federal court has jurisdiction to determine a non-federal counterclaim for unfair competition, as here, because the non-federal counterclaim bears a direct relation to a federal counterclaim. If the non-federal counterclaim for unfair competition stands alone, the federal court, lacking subject matter jurisdiction, must dismiss it. Artvale, Inc. v. Rugby Fabrics Corp., 232 F.Supp. 812, 822 (S.D.N.Y.1964), aff'd 363 F.2d 1002 (2d Cir. 1966).

Defendant in the instant case has not categorically asserted a counterclaim other than one for unfair competition and his case could well fall within the rule announced by the Artvale court. However, Rule 8(c), Federal Rules of Civil Procedure, states in part "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

█ Several paragraphs of defendant's answer allege matters that emphatically dispute the validity of the reissue patent and assert non-infringement as being defensive in nature. These contentions also can be considered, at this juncture, as a counterclaim for declaratory judgment on these issues. Furthermore, in its prayer for relief, defendant decidedly indicates the desire to seek a declaratory judgment, namely,

" * * * prays for a judgment and decree of this Court * * *

a. That the United States Patent Reissue No. 26,341 is invalid and void;

b. That defendant has not and is not now infringing such Letters Patent."

Combining the answer and prayer for relief, defendant's desire for a declaratory judgment as to the invalidity of the reissue patent and his own non-infringement is apparent. As presently presented, it appears that under Rule 8(c) there is no substantial reason that should inhibit the Court from treating

the relevant portions of defendant's answer as a counterclaim for declaratory judgment. See Sachs v. Sachs, 265 F.2d 31 (3d Cir. 1959); cf. Hartmann v. Time, Inc., 166 F.2d 127 (3d Cir. 1948). Rule 8(f) of the Federal Rules of Civil Procedure providing that "[a]ll pleadings shall be so construed as to do substantial justice," buttresses this interpretation.

For the reasons stated, the Court will treat the relevant portions of defendant's answer as a counterclaim for declaratory judgment, that plaintiffs' reissue patent is invalid or, in the alternative, that defendant has not infringed the reissue patent. At the appropriate time and in the interest of clarity of pleadings, defense counsel may desire to amend the answer to more completely reflect on the matters of declaratory judgment relief here discussed.

■ Plaintiffs' primary objection to defendant's counterclaim, as earlier noted, is that the cause of action is actually one for malicious prosecution which would require the final termination of this litigation in defendant's favor. The federal courts[1] have upheld claims for unfair competition on facts similar to those alleged by defendant, namely, a bad faith attempt to convince a competitor's customers that the competitor's product infringes a valid patent. Cutting Room Appliances Corp. v. Empire Cutting Machine Corp., 186 F.2d 997, 999 (2d Cir. 1951); Kaplan v. Helenhart Novelty Corp., 182 F.2d 311, 313 (2d Cir. 1950); Dynamic Instrument Co. v. Fedtro, Inc., 266 F.Supp. 848, 851 (E.D.

N.Y.1967). The cases on which plaintiffs rely in their motion to dismiss the counterclaim, Bercy Industries, Inc. v. Mechanical Mirror Works, Inc., 279 F. Supp. 428 (S.D.N.Y.1968), and Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691 (S.D.N.Y.1966), are inapposite since the alleged torts consisted of filing the suit, not, as in this case, alleged extrajudicial notice to business customers of the infringement. Under these authorities plaintiffs' objections to the counterclaim as a premature cause of action for malicious prosecution cannot stand.

■ In conclusion, for this Court to assume jurisdiction over defendant's counterclaim for unfair competition, the non-federal counterclaim must be tied to a "substantial and related" federal counterclaim. The requirement of substantiality under 28 U.S.C.A. § 1338(b) is that the federal claim or counterclaim must be sufficient to withstand attack under Rule 12(b) (6) of the Federal Rules of Civil Procedure. A. H. Emery Co. v. Marcan Products Corp., 389 F.2d 11, 20 n. 10 (2d Cir. 1968). Counterclaims for declaratory judgment that plaintiffs' patent was either invalid or not infringed are sufficiently substantial to support a non-federal counterclaim for unfair competition. See, e. g., Artvale, Inc. v. Rugby Fabrics Corp., 232 F.Supp. 814, 822 (S.D.N.Y.1964), aff'd, 363 F.2d 1002 (2d Cir. 1966); Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 186 F.2d 997 (2d Cir. 1951); Zoomar, Inc. v. Paillard Prod., Inc., 152 F.Supp. 328 (S.D.N.Y.1957),

---

1. There is a split among the Circuit Courts of Appeal as to whether state or federal law controls the elements of unfair competition under 28 U.S.C. § 1338(b). Compare Flexitized, Inc. v. National Flexitized Corp., 335 F.2d 774, 780 (2d Cir. 1964), cert. denied, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965), and Taussig v. Wellington Fund, Inc., 313 F.2d 472, 474 n. 2 (3d Cir.), cert. denied, 374 U.S. 806, 83 S.Ct. 1693, 10 L.Ed.2d 1031 (1963) with Bliss v. Gotham Industries, Inc., 316 F.2d 848, 854 (9th Cir. 1963), and Landstrom v. Thorpe, 189 F.2d 46,

52, 26 A.L.R.2d 1170 (8th Cir.), cert. denied, 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620 (1951). See generally Annot., 5 A.L.R.3d 1040, 1060–1062 (1966).

Any decision on this issue now would be premature. Neither party has briefed the issue as to which law should apply, nor considered whether defendant's factual allegations constitute a cause of action under West Virginia law. In addition, the fullest development of defendant's allegations in the pretrial order and at trial will facilitate this Court's decision.

**960**

aff'd, 258 F.2d 527 (2d Cir.), cert. denied 358 U.S. 908, 79 S.Ct. 237, 3 L.Ed. 2d 230 (1958).

██ Whether the particular character of unfair competition defendant alleges is sufficiently "related" to the federal counterclaim is primarily an issue of identity of proof. *See* Annot., 5 A.L. R.3d 1040, 1055–1080 (1966). A number of Circuit Courts of Appeals have demanded "substantial identity of facts" tending to prove both the federal and non-federal counterclaims. O'Brien v. Westinghouse Electric Corp., 293 F.2d 1 (3d Cir. 1961); Powder Power Tool Corp. v. Powder Actuated Tool Co., 230 F.2d 409, 413 (7th Cir. 1956); Landstrom v. Thorpe, 189 F.2d 46, 51 (8th Cir. 1951). Other Circuit Courts of Appeals, however, have applied what they regard a more liberal test and demand a "considerable overlap of facts." River Brand Rice Mills, Inc. v. General Foods Corp., 334 F.2d 770, 773 (5th Cir. 1964); Pursche v. Atlas Scraper and Engineering Co., 300 F.2d 467, 483 (9th Cir. 1962); Maternally Yours v. Your Maternity Shop, 234 F.2d 538, 544 (2d Cir. 1956).

The species of unfair competition alleged by defendant in this action is usually held related to the federal claim or counterclaim for declaratory judgment of patent invalidity or non-infringement. The result follows under either test. Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 186 F.2d 997, 999 (2d Cir. 1951); Kaplan v. Helenhart Novelty Corp., 182 F.2d 311, 313 (2d Cir. 1950); Dynamic Instrument Co. v. Fedtro, Inc., 266 F.Supp. 848, 851 (E.D.N.Y.1967).

██ In the instant case, the validity of plaintiffs' reissue patent and its effect upon defendant are the vital issues in both the unfair competition and the federal counterclaims. Defendant will have to prove additionally that plaintiff contacted defendant's customers and no-

tified them in bad faith of defendant's infringement.[2] Because communication between plaintiffs and defendant's customers is a matter susceptible of uncomplicated proof, and the element of bad faith, vel non, should emerge largely from testimony as to the federal counterclaim, the two counterclaims are related within the meaning of 28 U.S.C.A. § 1338(b).

---

2. If West Virginia law governs, and furthermore, if defendant would have to prove additional facts to maintain a cause

of action under state law, quaere, would "relation" between counterclaims demanded by 28 U.S.C.A. § 1338(b) be affected?