## KORZYBSKI v. UNDERWOOD & UNDERWOOD, Inc.

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

No. 41.

Denman, Bevier & Scotti, of New York City (Louis Bevier, Jr., of New York City, of counsel), for appellant.

Lee, Donnelly & Curren, of New York City (Joseph F. Curren, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. This suit is brought to enjoin infringement of a copyright of a model or relief diagram taken out by the complainant under section 11 of the Copyright Law (17 USCA § 11). He registered it as a "drawing and plastic work of a scientific or technical character," and described it as an "anthropometer or time-binding differential." The bill of complaint alleged that the model was one "illustrating thought processes and formulating scientific information in regard to the same." The model is a structure of wood consisting of pieces of various shapes of geometric design, containing numerous holes and connected by strings attached to pegs, which may be manually moved and placed in the holes located in the separate pieces. Several of the pieces are permanently mounted on a flat board background, and the others hang suspended by the connecting cords and plugs. The model contains no instructions for its use or other evidence of its modus operandi.

Complainant's brief states that the plastic model formulates scientific information and illustrates thought processes in the following manner:

"The disc at the top being parabolic, its sides are presumed to continue to infinity; it represents the Einsteinian event. The holes in it represent characteristics which, by reason of the shape of the disc, are infinite in number. From this event, each individual abstracts certain of the characteristics, no two individuals abstracting the same characteristics. This abstracting process is indicated by the strings. The characteristics thus abstracted form an object (necessarily different for each individual). The object is represented by the circular disc next below the parabolic disc at the top and the holes in it represent the abstracted characteristics. Being a circle, the number of the holes is finite illustrating that the number of characteristics of any given object is finite in which respect, particularly, it differs from the event. The object is of the first order of abstraction.

"After having abstracted his object, the individual gives it a name represented by the first tag below the circular disc. This tag or label or name is of the second order of abstraction. Having abstracted his object and given it a name, the individual then proceeds to reason about it and to state a conclusion represented by the loose tag next below. This is of the third order of abstraction. This process continues. A tendency to confuse the various orders of abstraction appears as the effective cause of many of the errors which lie at the base of human difficulties and misfortunes."

The foregoing explanation as to the object of the copyright is not set out in the bill, but the bill alleges that complainant devised "a drawing or work of a scientific or technical character, consisting of a scientific relief diagram or scientific model illustrating and formulating scientific information; that is to say, illustrating thought processes. * * *" Under such broad allegations the author might explain his system by proof, and he may, on a motion to dismiss, indicate by argument the sort of information which might reasonably be imparted by means of the device.

Complainant says that the copyright is within the class described in section 5(i) of the Copyright Act (17 USCA § 5(i), of "(i) drawings or plastic works of a scientific or technical character," and argues that it illustrates the theory of Einstein. But on its face, and without his explanation, it discloses nothing, even to an expert in science and philosophy.

The defendant says that, since the copyright discloses nothing in itself and only may be employed to work out ideas in the mind of the user, the use of the anthropometer is functional, rather than scientific. But the prime purpose of the model is explanation to students of a certain system of abstract reasoning. Indeed, the students can have no further use for the device after they have once received the instruction. So that its use would not seem to be merely functional.

It may be reasonably contended that complainant's system of symbols, though unaccompanied by any explanation, resembles a table of logarithms, or the text of a book in the language of a savage tribe, known only to the author. It can hardly be doubted that such matters may be copyrighted, even without any accompanying explanation or comment. Certainly both would be books.

But it is not necessary to decide whether, on general principles, such a model could be copyrighted, because the author, on July 6, 1923, applied for a patent on an appliance illustrating the same thought processes by means of a like design. Nor must we decide whether a design bearing some special impress of the hand of the author or sculptor could not be copyrighted, merely because there was an embodiment of the same idea in the diagrams of the patent. Perhaps it still might not be permissible to copy the design of

the person taking out the copyright, if that had any individual significance as a work of art or science, apart from the disclosure in the specification of the patent. Here we find no substantial distinction between the disclosure of the patent and the design of the copyright, and no real question of merit of a particular design as compared with the drawings of the patent.

It is said by Mr. Weil, in his book on Copyrights, at pages 84 and 85:

"While in doubtful cases the court will hold that presumptively the fact that a given work is patentable is ground for holding it is not copyrightable and vice versa it seems that there is no rule of law nor is there any consideration of public policy which will prevent the issuance of both a copyright and a patent to cover the same work in its different aspects in a proper case. * * * A novel household utensil may be modeled by a great sculptor. Its form may be artistic in the highest degree, its machinery may show the qualities necessary to patentability, its use may be purely utilitarian and it may be so constructed as to be one inseparable unit. In such event it should be both copyrightable and patentable."

But such a situation does not arise on the facts before us, where there seems no room for distinction in design.

When Korzybski filed his application and received his patent, he made a full disclosure of his invention and dedicated it to the public, save for the right to make, use, and vend it during the period for which the patent gave him that monopoly. The public had the right to the information disclosed in his patent and the right to use and copy the text and diagrams. Section 7 of the Copyright Act (17 USCA § 7) provides: "That no copyright shall subsist in the original text of any work which is in the public domain." Everything disclosed in the patent became a part of the public domain, except the monopoly of the patentee to make, use, and vend the patented device for a limited time.

The filing of the application for the patent, including, of course, the diagrams, was a publication that entitled anyone to copy the drawings. Callaghan v. Myers, 128 U. S. 617, 9 S. Ct. 177, 32 L. Ed. 547. We cannot see that the complainant has disclosed anything different in his copyright from that which appears in his patent. The defendant has done no more than photograph the anthropometer. This we hold it had a right to do, because the anthropometer was an embodiment of the drawings of the patent. The

copyright was invalid, because the subject-matter had become a part of the public domain when complainant filed the prior application which resulted in the grant of his patent.

An inventor who has applied for and obtained a patent cannot extend his monopoly by taking out a copyright under section 5(i) of the Copyright Law, 17 USCA § 5(i), on what he has already diagrammatically disclosed.

The decree is affirmed.