**Herman KASHINS, Plaintiff,**

v.

**LIGHTMAKERS, Inc., Defendant.**

United States District Court
S. D. New York.

Nov. 13, 1956.

H. C. Bierman, New York City, for plaintiff.

Dollinger & Dollinger, New York City, Abraham Dollinger, New York City, of counsel, for defendant.

WALSH, District Judge.

Plaintiff claims for infringement of its copyrighted catalogue. Its opening limited this claim as follows: The lamps displayed in plaintiff's catalogue were not themselves protected by patent or copyright; defendant has imitated plaintiff's lamps by manufacturing lamps of its own developed from a study of the illustrations in plaintiff's catalogue; defendant's catalogue contains photographs of these lamps; these photographs although not themselves copied from the actual photographs in plaintiff's catalogue are similar to them because defendant's imitative lamps are similar to those of plaintiff. It is not claimed that in any other way defendant's catalogue imitates plaintiff's. They are not similar in overall composition. Neither is it claimed that the individual photographs in defendant's catalogue imitate those in plaintiff's. Although it is said that there is a close similarity in the lamps photographed, it is conceded that there was no effort by defendant to imitate plaintiff's photographic treatment of them.

In National Cloak & Suit Co. v. Standard Mail Order Co., C.C.S.D.N.Y., 191 F. 528, it was held that the manufacturer of an unpatented article could not by copyrighting a catalogue displaying that article prevent a competitor from distributing a catalogue displaying his own illustrations of an identical article.

The fact that defendant's lamps were copied from a photograph in plaintiff's catalogue does not make the lamps themselves an infringement because plaintiff's product which its catalogue portrayed was neither copyrighted nor patented. Jack Adelman, Inc., v. Sonners & Gordon, Inc., D.C.S.D.N.Y., 112 F. Supp. 187.

If the defendant could legally manufacture these lamps he could also display them by catalogue as long as its illustrations were prepared by itself and not copied from plaintiff's catalogue. In Lamb v. Grand Rapids School Furniture Co., C.C.W.D.Mich., 39 F. 474, 475, the court denied a motion for a preliminary

injunction on the facts identical with those here claimed by the plaintiff. It said, in part:

"＊ ＊ ＊ In fact, the defendant manufactures goods from designs taken from complainants' illustrations, and they say (what for the present purpose must be admitted) that their illustrations are in truth of their own goods, so that the similitude of the illustrations results from the fact that the goods are alike. The manufactures of the complainants are not patented. The defendants may lawfully manufacture just such goods. Can they not publish correct illustrations of them as adjuncts of their sale? Ought they to be restrained from doing this because the complainants, having done the same thing, have copyrighted illustrations which, while representing their own goods, represent those of the defendant also? It is clear that the books of both parties are published and used solely as means for advertisement. To say that the defendant has not the right to publish correct illustrations of its goods must practically result in creating a monopoly, in goods modeled on those designs, in the complainants, and thus give all the benefits of a patent upon unpatented and unpatentable articles. ＊ ＊ ＊ It does not appear to me that such results can be accomplished in this way. It is true, there is an appearance of profiting at another's expense, and reaping what another has sown, but I can see no legal ground on which this can be prevented. The legislation, with its limitations, which public policy has approved, does not extend so broadly as to give the complainants a monopoly in the harvest in such a case."

King Features Syndicate v. Fleischer, 2 Cir., 299 F. 533 and Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276 are not in point. Those cases concerned dolls which imitated copyrighted cartoon characters.

There the thing copied was the original qualities of the cartoon whereas here there was no claim of copying the illustrative qualities of plaintiff's catalogue. That which is said to be copied is the design of plaintiff's lamps which only incidentally is reflected in both the illustrations in plaintiff's catalogue and in the catalogue of the defendant.

Complaint dismissed.