**REMINGTON RESEARCH, INC.,**
**Plaintiff,**

v.

**MODERN AIDS, INC., Defendant.**

United States District Court
S. D. New York.

Feb. 12, 1959.

---

7. But see Sherwood v. New York Life Ins. Co., 166 La. 829, 118 So. 35.

Nathan Shapiro, and Berthold H. Hoeniger, New York City, for plaintiff.

Zalk & Hayashi, New York City, Joseph Zalk, New York City, of counsel, for defendant.

FREDERICK van PELT BRYAN, District Judge.

This is an action for a judgment declaring (a) that plaintiff's copyrighted advertisement for its "Swedish Masseur" vibrator does not infringe defendant's copyrighted advertisement for defendant's "Vibra-Slim" vibrator, or, (b) in the alternative, that defendant's copyright is invalid and void. Plaintiff also seeks an injunction against communications by defendant to plaintiff's customers of allegedly "false and misleading statements, claims of copyright, threats of legal proceedings and other statements which constitute unfair competition", and an accounting.

Defendant denies infringement, asserts the validity of its copyright, and counterclaims for a judgment declaring that plaintiff's copyright is void and invalid. Defendant also seeks an injunction against alleged infringement of its copyright and alleged unfair competition by plaintiff in advertising and selling the "Swedish Masseur" vibrator, and damages.

Each party has moved for a preliminary injunction against the other.

Since plaintiff and defendant are both citizens of New York and there is therefore no diversity of citizenship, defendant challenges the jurisdiction of this court over the unfair competition claim. But under 28 U.S.C. § 1338(b) the district courts are given "original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws". The unfair competition claim here is joined with, and closely related to, a claim for a declaratory judgment that defendant's copyright is invalid, or, if valid, is not infringed by plaintiff. I deem Kaplan v. Helenhart

Novelty Corp., 2 Cir., 182 F.2d 311, to be controlling on the question and hold that this court has jurisdiction.

The following facts appear from the affidavits submitted:

Plaintiff Remington and defendant Modern Aids each produce and distribute a concave contoured electric vibrator. In essence these products are electrically powered reducing machines which, it is claimed, have a slenderizing effect when placed against various parts of the body. These mechanical masseurs are said to have a particular appeal to the weight conscious female.

Defendant's "Vibra-Slim", retailing at $29.95, was placed on the market in the spring of 1958. Plaintiff's "Swedish Masseur", retailing at $19.95, came out in October 1958. Plaintiff has been in the electric vibrator business longer than the defendant but it appears that both have sold vibrators for several years.

While plaintiff claims that its vibrator is distinctive in appearance and more attractive than defendant's, there can be no doubt that the vibrators are very similar. Though of different color, they are of approximately the same size and shape, they operate in the same manner, concave contouring of one of the surfaces is common to both, and the electric cords and the handles are affixed in substantially the same positions.

Plaintiff and defendant have both prepared advertisements for the promotion of their respective products. The "mats" for these advertisements are made by them. A space at the upper part of each mat is provided for insertion of the name of the retail sales outlet selling the product in the community or area in which the advertisement is to be published. The sales outlet arranges its own publication.

Defendant registered a copyright on its advertisement with the Register of Copyrights on April 25, 1958. Plaintiff registered the copyright of its advertisement on October 13, 1958.

In October 1958 defendant sent letters to various customers of plaintiff who had been using plaintiff's advertisement. A typical letter is that sent to the Crowley-Milner Department Store in Detroit, Michigan:

"Dear Sir:
  "It has come to our attention that on October 5th in the Detroit News you advertised for sale a 'Swedish Masseur' Vibrator.
  "Your advertisement infringes our copyrighted advertisement for our contour-shaped vibrator, VIBRA SLIM. Your unfiar [sic] use of our copyrighted material is actionable.
  "Unless you advise us by return mail that you have stopped the violations noted above, it will be necessary for us to institute appropriate action to protect our rights in this matter and for damages suffered as a result of your act.
                    "Very truly yours,
                    Modern Aids, Inc.
                    Henry L. Hoffman
                    President"
"P.S. The enclosed copy of the court injunction may be of interest to you."

"The court injunction" mentioned in the postscript and enclosed in the letter was an injunction pendente lite which Modern Aids had previously obtained in this court against R. H. Macy & Co., Inc., for alleged infringement of its copyrighted advertisement. Macy's advertisement, however, was not the one prepared by the plaintiff, and the grant of the preliminary injunction there was not an adjudication that Remington's advertisement infringed Modern Aids' copyright.

While defendant sent letters to plaintiff's customers, at no time did it communicate with the plaintiff to request it to cease the distribution of the advertisement, and no claim of infringement was made against the plaintiff prior to the time the counterclaim in the instant suit was interposed.

The preliminary relief which plaintiff seeks on the instant motion is limited to restraining defendant from sending

letters to plaintiff's customers claiming infringement of copyright or threatening legal proceedings. It is claimed that defendant's purpose is to induce these customers to cease dealing with plaintiff. As a result plaintiff was compelled to give indemnity agreements to some of its customers and other customers have refused to continue to market plaintiff's "Swedish Masseur" vibrator.

■■ It is not an actionable wrong for a person to assert in good faith that he intends to enforce what he conceives to be his legal rights. This is true even if he is mistaken as to what such rights are. Kaplan v. Helenhart Novelty Corp., supra, 182 F.2d at page 314. So in patent infringement suits it has been held that one who claims that his patent has been infringed, may communicate his claim of infringement to the customers of the alleged infringer and may even threaten them with suit, provided that he acts in good faith. Kaplan v. Helenhart Novelty Corp., supra; Bechik Products v. Flexible Products, 2 Cir., 225 F.2d 603; Remington Products Corp. v. American Aerovap, Inc., D.C.S.D.N.Y., 97 F.Supp. 644, affirmed 2 Cir., 192 F.2d 872; Zoomer, Inc. v. Paillard Products, D.C.S.D.N.Y., 152 F.Supp. 328, affirmed, 2 Cir., 258 F.2d 527. There is no reason why this rule should be limited to patent infringement cases (see Eastern States Petroleum Co. v. Asiatic Petroleum Corp., 2 Cir., 103 F.2d 315), nor why it should not apply to cases of copyright infringement as well.

However, such assertions of legal rights must be kept within proper bounds. Thus, if another's customers are threatened, intimidated or harassed, a court of equity will enjoin such conduct. Price-Hollister Co. v. Warford Corp., D.C.S.D.N.Y., 18 F.2d 129. The same result follows where claims of infringement against another's customers or threats of suit are made in bad faith. Cf. Kaplan v. Helenhart Novelty Corp., supra; Price-Hollister Co. v. Warford Corp., supra; Art Metal Works v. Abraham & Straus, 2 Cir., 62 F.2d 79.

No showing has been made here that the defendant did not in good faith believe that its copyrighted advertisement had been infringed. Whether its belief was justified or not, it was entitled to assert such claims and to give notice of its intention to enforce its rights through appropriate legal proceedings.

■ The fact that defendant neither instituted suit against the plaintiff nor notified it of the claimed infringement until the service of the counterclaim in this action does not bar it from making such assertions. The letters to the customers were sent about the middle of October 1958. The summons and complaint in this action were served on October 30, 1958, and the counterclaim was asserted on November 5, 1958. Defendant's relatively short delay in notifying plaintiff of its claim of copyright infringement is not unreasonable and does not show that defendant acted in bad faith. See Kaplan v. Helenhart Novelty Corp., supra.

■ The postscript to the letters sent to plaintiff's customers stands on a different footing. In stating that "The enclosed copy of *the* court injunction may be of interest to you" [emphasis added] the defendant went too far. The injunction against R. H. Macy did not involve Remington's advertisement. Defendant's letter quite deliberately seeks to create the impression that it did and that there had been a controlling adjudication that the Remington advertisement infringed defendant's copyright.

In Price-Hollister Co. v. Warford Corp., supra, defendant notified the trade that it had obtained a decree in the Northern District of Ohio, but did not indicate that it had been obtained by default, and conveyed to the trade a false impression that it was an adjudication on the merits. The court held that in so doing defendant had been guilty of unfair competition. See, also, Art Metal Works v. Abraham & Straus, supra. The same kind of thing has been done here.

I find that the plaintiff has made a clear and convincing showing of unfair

competition on the part of defendant in conveying a false and misleading impression as to the nature and effect of the Macy injunction order. It appears that as a result the plaintiff has lost trade and has been required to furnish broad indemnity agreements to many of its customers. Unless the defendant is restrained from continuing such conduct the plaintiff will be irreparably injured. An injunction pendente lite will therefore issue restraining the defendant from so misrepresenting the effect of a decree of this court or from making any reference to such decree in any communications to plaintiff's customers or any other person unless its scope and effect is so clearly delineated that no confusion can result.

Defendant, on its part, moves not only to enjoin plaintiff from disseminating advertisement of its "Swedish Masseur" vibrator but also from any advertisement or sale of this product.

Defendant contends that its "Vibra-Slim" concave contoured vibrator has acquired a secondary meaning and that the public associates the shape of its vibrator with defendant as the source of the product. It is said that in selling and marketing a similarly shaped vibrator the plaintiff has created confusion in the purchasing public, with the result that many persons are likely to purchase the "Swedish Masseur" vibrator in the belief that it is defendant's product and that it originated with the defendant.

However, the defendant has shown no facts from which it may be inferred that its product, "Vibra-Slim", which had been on the market for only six months when the plaintiff placed its product on the market, had acquired a secondary meaning, i. e., that it had become associated in the public mind with the defendant as manufacturer, or for that matter, with any source, known or anonymous.

As stated in Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 247 F. 299, 300:

"* * * it is apparent that it is an absolute condition to any relief whatever that the plaintiff in such cases show that the appearance of his wares has in fact come to mean that some particular person—the plaintiff may not be individually known—makes them, and that the public cares who does make them, and not merely for their appearance and structure."

The fact that plaintiff's "Swedish Masseur" and the defendant's "Vibra-Slim" are strikingly similar in shape, size and general appearance does not show actionable unfair competition. Absent a patent or other form of statutory protection, there is nothing to prevent a manufacturer from marketing and selling a product merely because it is similar in appearance to one already placed on the market by a competing manufacturer. The law protects the first manufacturer only if he shows that his product has acquired a "secondary meaning", because the particular design and shape is associated in the public mind with that particular (though perhaps anonymous) source, and the public is moved to purchase the competitor's product in the belief that it comes from such source. Crescent Tool Co. v. Kilborn & Bishop Co., supra; Lucien Lelong, Inc. v. Lander Co., Inc., 2 Cir., 164 F.2d 395. See, also, Ross-Whitney Corp. v. Smith Kline & French Lab., 9 Cir., 207 F.2d 190; W. E. Bassett Co. v. H. C. Cook Co., D.C.D.Conn., 164 F.Supp 278; American Luggage Works, Inc v. United States Trunk Co., D.C.D.Mass., 158 F.Supp. 50, affirmed Hawley Products Co. v. United States Trunk Co., 1 Cir., 259 F.2d 69.

No such showing has been made here.

This makes it unnecessary to determine whether concave contouring is a "functional" or a "non-functional" feature of the two vibrators. If the contouring were deemed wholly "functional" then no injunction could issue in any event. See Crescent Tool Co. v. Kilborn & Bishop Co., supra; Ross-Whitney Corp. v. Smith Kline & French Lab., supra; 3 Rest., Torts § 741 (1938).

We come next to the claim that Remington's advertisement infringes the

Modern Aids advertisement which had been copyrighted some months earlier.

Both advertisements are before the court. While there are some similarities I am not persuaded that plaintiff's advertisement was copied from defendant's. Certain words and phrases are common to both but there are many dissimilarities in phraseology as well as in layout and arrangement.

Plaintiff has shown that many of the words and ideas which are claimed to have been copied were, in fact, used by the plaintiff long before in advertisements of other vibrators it had previously sold. It may well be that, as plaintiff claims, its advertising mat was based on its own prior advertisements.

These products are similar in function, in operation and in appearance. They are both intended for the same use. It is to be expected that the ideas and phraseology in two advertisements of such similar products would overlap to a considerable degree. Where these similarities are inherent in the product advertised rather than the result of outright copying, no action for copyright infringement will lie. See E. H. Tate Co. v. Jiffy Enterprises, D.C.E.D.Pa., 16 F.R.D. 571; Kashins v. Lightmakers, Inc., D.C.S.D. N.Y., 155 F.Supp. 202; Harold Lloyd Corp. v. Witwer, 9 Cir., 65 F.2d 1.

Perhaps defendant will be able to establish copying at the trial. It has not done so here.

Defendant's motions for a preliminary injunction are therefore in all respects denied.

Plaintiff's motion for a preliminary injunction will be granted to the extent heretofore indicated and will otherwise be denied.

This opinion constitutes my findings of fact and conclusions of law pursuant to Rule 52, F.R.Civ.P., 28 U.S.C.A.

Settle order, complying fully with Rule 65(d), F.R.Civ.P., on notice. At the same time counsel will submit such in-

formation as they desire bearing on the amount of the bond to be posted by plaintiff, pursuant to Rule 65, which will be fixed in the order.