50 CCPA

Application of George H. PHILLIPS, Jr.

Patent Appeal No. 6964.

United States Court of Customs and Patent Appeals.

April 25, 1963.

Rehearing Denied June 3, 1963.

K. Wilson Corder, Atlanta, Ga., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of application Ser. No. 56,-274, filed June 8, 1959, for a design patent on a "Telephone Booth."

 The useful article of manufacture embodying the claimed design is an acoustical wall booth of the open-front, four-sided type which, in use, is attached to a wall to receive a pay telephone or the like. The sides are attached to a back which is fixed on the wall, the back, sides, and top being covered with some uniformly perforated acoustical material. The bottom serves to hold a 'phone book. The side panels are deeper at the top than the bottom, their bottom ends being about the same depth as the bottom shelf, and their top ends are deeper than the top of the booth, which appears to be

of the same depth as the bottom shelf. The upper forward corners of the side panels are curved on a substantial radius and the front edges of these panels are otherwise straight. The forward edges of the top, bottom, and sides are shown in the drawings as having two or three stripes or narrow grooves extending longitudinally. An exhibit of record shows this to be, in the commercial form which is known as the "Acoustiphonic" booth, longitudinally grooved metal trim or edging.

The claim is the conventional design claim. There is no description in the application other than the drawing.

The examiner, in his Answer, mentions six references but only the following four are relied on and included in the record here:

| Schumacher | D–176,289 | Dec. 6, 1955 |
| Hansen et al. | D–153,794 | May 17, 1949 |
| Manning | D–136,134 | Aug. 10, 1943 |

B and T Moulding and Metal Trims Catalogues, #153, c. 1952, page 30.

———◆———

The board, in the course of two opinions, one after a petition for reconsideration, mentioned only the three patent references and relied primarily on Schumacher, finding appellant's design to be "merely an obvious modification of an already existing design, namely the cabinet shown in Schumacher." That design patent shows a "Booth for Dictation Equipment" which the board found to differ from appellant's booth primarily in two particulars, the top partial cover and the height-to-width ratio of the booth as a whole. There is a third difference, which the board also recognized, namely, that Schumacher's booth appears to have a storage compartment behind the inside rear wall of the booth proper so that the sides are somewhat deeper.

Apart from the noted differences, there is very great similarity of appearance. They might well be taken for variants of the same design. Schumacher's booth is lined with perforated acoustical material having the same appearance as appellant's, the front edges of the side walls have the same shape, the bottom shelf has the same depth as the portions of the bottom ends of the side walls which are visible from inside the booth, and the front edges of the booth seem to have some strip material on them, which, however, is not grooved.

The board cited Hansen et al. merely to show a cabinet with proportions similar to appellant's and Manning to show a 'phone booth of the open front type with a partial top cover. It might also be mentioned that both of these references also show a booth or cabinet the side walls of which are curved at their upper forward corners very much like appellant's side walls.

We can find no error in the board's finding that it would be obvious, in view of these references, to so modify Schumacher as to achieve appellant's design, which entails only adding a small and commonplace top member and changing the height-to-width ratios, while discarding Schumacher's rear compartment and the extra depth of sidewalls it requires. Even without the modifications, there is a striking similarity of appearance, which is the basic consideration in determining the patentability of designs over prior art.

Appellant's principal contentions revolve around the assertion that the sole issue here is whether Schumacher *anticipates* the instant invention. Appellant says its position is that it does not. We agree. But that is not the issue here. The issue is whether the design would have been obvious under 35 U.S.C. § 103. We find that it would.

Appellant urges commercial success as a factor to be taken into consideration but since he has submitted no evidence with respect to this contention other than

a piece of sales literature tending to indicate the booth is on sale, we ignore this argument.

Appellant has also inserted in the record a copy of a patent which is no part of the record in this case in the Patent Office, pointing out that it is a design patent on a booth quite similar to his, granted over the same references relied on here, referring to this situation as "The Puzzlement of Peabody Patent No. D–189,570." While its issuance may puzzle appellant, the fact of its issuance is wholly irrelevant to the issue of patentability in this case. Furthermore, since it is not a matter of which we can take judicial notice and is not part of the record in this case in the Patent Office, we are precluded from considering it by 35 U.S.C. § 144.

The decision of the board is affirmed.

Affirmed.