**BLUMCRAFT OF PITTSBURGH,**
Plaintiff,

v.

**NEWMAN BROS., INC., Defendant.**

**Civ. A. No. 5103.**

United States District Court
S. D. Ohio, W. D.

Sept. 23, 1965.

James C. McConnon, Philadelphia, Pa., and John H. Clippinger and David W. Matthews, Cincinnati, Ohio, for plaintiff.

Robert P. Goldman, Robert H. Hinds and Burton Perlman, Cincinnati, Ohio, for defendant.

JOHN W. PECK, District Judge.

This is an action based on the alleged infringement of a United States Copyright registered under Title 17 of the United States Code. The parties have filed cross-motions for summary judgment, and it is those motions which are herein considered.

In addition to having fully briefed the motions, and in addition to the exhibits attached to the Complaint, the parties have filed affidavits and a large number of exhibits upon which their respective arguments are based. As the filing of such affidavits and exhibits by both parties indicates, there are basic areas of difference as to the weight and interpretation to be assigned to them and this might seem to indicate dispute as to the factual pattern of the case. However, the filing of defendant's motion and plaintiff's countermotion for summary judgment under the provisions of Rule 56, Federal Rules of Civil Procedure, establish as the position of the parties that there is no genuine issue as to any material fact, and it is here determined that the case is in proper posture for disposition under the Rule.

The pleadings, affidavits and exhibits disclose that the plaintiff has been for many years engaged in the creation of ornamental iron designs for use in the architectural field and that defendant has long been engaged in the overlapping architectural metal work business,

producing such foundry items as bronze and aluminum plaques to order, and certain metal products offered as stock items. At about the end of the Second World War plaintiff entered into the development of a new railing system and simultaneously developed a manner of presentation of this system to the architectural profession. Among the stock items offered by defendant is an extruded aluminum railing system identified by the trademark "Econo-Rail." During the 1953–1954 season, defendant decided to expand its handrailing business by printing a catalogue. It is from these parallel courses of offering their respective railing systems by catalogue that the parties ultimately became engaged in the present controversy.

During the past dozen years plaintiff has used its catalogue, what it refers to as a "new and dramatic means of presentation," and this presentation has been contained (along with more conventional representations) in its catalogue titled "Blumcraft of Pittsburgh Catalog M–60," registered as Copyright Registration No. A417619. On the left-hand portion of page 12 of that catalogue there appears a pictorial representation of one of the plaintiff's railings, and it is the charge of the complaint herein that defendant has infringed the copyright by the pictorial representation of one of its rail systems on the cover of its 1962 catalogue and on page 2 thereof.[1] The illustrations in the two catalogues are similar in nature. Each depicts a vertical post in its approximate center, with three handrails on its far side and affixed to it by appropriate fittings. A sense of perspective is established by the fact that the rails are not parallel, having a greater vertical separation on the left than on the right. In each illustration the background is black, and two white lines at the bottom of each indicate a base to which the bottom fitting on the post is affixed. Again a sense of perspective is established by the position of the two white lines, and a projection of them and of the rails would coincide at some point to the right. An exhibit consisting of plaintiff's illustration mounted on hardboard with the projections penciled thereon and with an overlay of defendant's illustration with projections shows both the angles and the point of convergence to be generally similar but different. In defendant's illustrations the rails terminate at the edge of the picture while in plaintiff's representation such termination is made within the illustration by an airbrush technique.

Assuming without deciding that plaintiff's illustration is the subject of a valid copyright, we pass to a consideration as to whether the defendant has infringed such copyright. The defendant argues first that there can be no copyright infringement where the illustrations of the parties are clearly of assemblies of their different respective goods, and that there can be no copyright infringement found where resemblances are only in matters in the public domain, or in ideas alone, or only in an incidental feature.

As has been indicated, it is plaintiff's contention that the two specified illustrations promulgated by defendant are copied from one of its own, but extensive discovery proceedings having developed no corroboration plaintiff is in the unenviable position of urging its conclusion solely on the basis of the similarity of the illustrations. On the other hand, defendant's unrebutted affidavits affirmatively establish that its illustration resulted entirely from the joint efforts of its vice president in charge of advertising and the company's artists. Were this case presently submitted on the merits rather than on cross-motions for summary judgment, we would have no hesitation in finding for the defendant solely on the ground of plaintiff's failure of proof in this regard. In such circumstance Remington Research, Inc.

---

1. These two representations are identical except in size. Elmer Newman, vice-president of defendant, stated by affidavit they used it twice to save "some art work."

v. Modern Aids, Inc., 170 F.Supp. 7 (N. Y.1959) would have direct application, and no copying having been shown to have occurred, no infringement could be found (Mathews Conveyor Co. v. Palmer Bee Co., 41 F.Supp. 401 (Mich. 1941), aff'd, 135 F.2d 73 (6th Cir. 1943). However, since the case is not before us on the merits, consideration of further grounds seems appropriate.

Defendant has attempted to avoid the consequences of Perris v. Hexamer, 99 U.S. 674, 25 L.Ed. 308 (1878) on the ground that since the maps which were the subject of controversy were of different cities the fact that no infringement was there found gives no basis for such a result here. However, that argument fails to take into account the conceded fact that the illustrations which are the heart of the present controversy portray, as did the maps, different subject matter, i. e., the respective products of the parties. Thus the following quotation from Perris has direct application (p. 675):

"A copyright gives the author or the publisher exclusive right of multiplying copies of what he has written or printed. It follows that to infringe this right a substantial copy of the whole of a material part must be produced. It needs no argument to show that the defendant's maps are not copies either in whole or in part, of those of the complainants. They are arranged substantially on the same plan but those of the defendant represent Philadelphia, while those of the complainants represent New York. They are not only not copies of each other, but they do not convey the same information."

Similarly, in the present situation, the subject illustrations are not copies of one another and they convey different information.

■ As has been pointed out, both illustrations are of handrails shown in perspective view, shown affixed to a supporting post. It has here been shown that defendant has displayed its products by perspective views of one type or another, since 1955, and copies of patents obtained by plaintiff which are a part of the present record establish that plaintiff presented therein perspective views of assemblies similar to those here involved. By the publication of these illustrations the plaintiff itself has placed the idea of such a presentation in the public domain. Korzybski v. Underwood & Underwood, Inc., 36 F.2d 727 (2nd Cir. 1929). Sweet's (a classified collection of trade catalogues) for 1961, an exhibit herein, clearly demonstrates that perspective views had become a common means of presentation in the handrail industry, and it will be noted that it was at that time that defendant's 1962 catalogue was in preparation. Matters in the public domain are not protected by copyright (Millworth Converting Corp. v. Slifka, 276 F.2d 443 (2nd Cir. 1960), and therefore basis for liability in a copyright infringement action cannot be found in mere resemblances occasioned by a generally similar perspective presentation.

■ Similarly, plaintiff has itself placed another area of resemblance in the public domain, namely the use of a black background.

In its brief, Plaintiff made this statement:

"The decisions of the Courts, including the Supreme Court have made it abundantly clear that 'original' simply means 'not copied from another.'"

On the grounds that (1) in the present circumstances plaintiff's showing of similarity and of access by the defendant is not sufficient to establish a prima facie case that defendant's illustration is not "original" under this definition, (2) that there can be no infringement because the illustrations are of assemblies of the products of the parties of their different respective goods, and that (3) plaintiff had itself placed the expression of its illustration in the public domain, the issues under both motions are resolved favorably to the de-

fendant. Accordingly, an entry sustaining its motion for summary judgment and denying plaintiff's countermotion for summary judgment may be presented.