Application of Richard Q. YARDLEY.

Patent Appeal No. 9098.

United States Court of Customs and Patent Appeals.

March 28, 1974.

**1390**

David W. Brinkman, William T. Bullinger, Cushman, Darby .& Cushman, Washington, D. C., attorneys of record, for appellant; Robert B. Murray, Jr., Washington, D. C., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Jere W. Sears, Washington, D. C., of counsel.

Before MARKEY, Chief .Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejections of the claim in appellant's application [1] for an ornamental design for a watch. There are two rejections: (1) a rejection based on obviousness under 35 U.S.C. § 103, and (2) a rejection based on estoppel in view of prior copyright registrations. We *reverse*.

### The Claimed Design

Appellant's design comprises a novelty watch face with a caricatured figure

thereon. Extended arms and hands serve as the hour and minute hands of the watch. The drawing in the application is reproduced below.

The sole claim in the application is in the conventional form and it reads as follows:

The ornamental design for a watch as shown and described. .

### The Rejections

The first rejection is for obviousness under 35 U.S.C. § 103 in view of the single reference Breger, design patent D–82,245 issued October 14, 1930.

The prior art Breger design patent discloses a watch dial including hour numerals and a caricatured figure thereon. It states that the arms and hands of the figure are carried by the hour hand and the minute hand of the watch. The Breger design is reproduced below.

---

1. Design patent application serial No. 21,-125 filed January 28, 1970. The record indicates that The Novelty Watch Company,

Inc. is the assignee of the entire interest in the application.

The examiner's rejection under 35 U. S.C. § 103 was affirmed by the board.

The second rejection is based on estoppel in view of appellant's prior copyright registrations. This rejection first appeared in the Examiner's Answer. The following passage therefrom explains the examiner's position:

Appellant has made of record as attachments to his Brief, copies of newspaper articles dealing with the subject matter of this application. Inspection of the photographs therein reveal[s] that a copyright has been claimed on the subject matter disclosed. Further investigation has revealed the fact that three copyright registrations have in fact been secured on this subject matter, namely BB 37381, GP 67931 and GP 67932. In view thereof, and in view of the decision In re Blood (1928 CD 60; [57 App.D.C. 351] 23 F.2d 772), the claim must be rejected on the principle that while the subject matter might be eligible for protection under either copyright or design patent, the obtaining of protection under one constitutes an election of protection, and there is an estoppel to seek the other. The *Blood* case followed the decision of De Jonge & Co. v. Breuker & Kessler Co. [3 Cir.] (182 F. 150) which held in an apparent first impression case that the owner could not have protection under both the copyright and design patent acts. Cases dealing with the similar conflict which followed *Blood* are Jones Bros. Co. v. J. W. Underkoffler et al. [D.C., 16 F.Supp. 729] (31 USPQ 197) and Taylor Instrument Cos. v. Fawley-Brost Co. [7 Cir., 139 F.2d 98] (59 USPQ 384). The Supreme Court in Mazer v. Stein (347 U.S. 201 [74 S.Ct. 460, 98 L.Ed. 630]; 100 USPQ 325) referred to the cases dealing with this conflict in a footnote to their denial of a ruling on the question, since they felt the issue was not before them. Accordingly, the claim is rejected on the principle of election of protection and estoppel to seek another.

The newspaper photographs referred to in the Examiner's Answer are reproduced below:

We note that the first newspaper photograph shows a drawing of a watch face including the words "SPIRO WATCH," the hour numerals, and the following printed matter: "© 1970 The Novelty Watch Co." and "Pat. pend." (near the numeral 6). The second newspaper photograph is similar to the first in these details.

The board affirmed this rejection. In support of the affirmance, the board's opinion cites and discusses the following twelve cases:

1. Louis De Jonge & Co. v. Breuker & Kessler Co., 182 F. 150 (C.C.S. E.D.Pa.1910), aff'd on other grounds, 191 F. 35 (3d Cir. 1911), aff'd 235 U.S. 33, 35 S.Ct. 6, 59 L.Ed. 113 (1914).

2. In re Blood, 57 App.D.C. 351, 23 F.2d 772 (1927).

3. Korzybski v. Underwood & Underwood, Inc., 36 F.2d 727 (2d Cir. 1929).

4. Jones Bros. Co. v. J. W. Underkoffler, 16 F.Supp. 729 (M.D.Pa. 1936).

5. Taylor Instrument Companies v. Fawley-Brost Co., 139 F.2d 98 (7th Cir. 1943).

6. William A. Meier Co., Inc. v. Anchor Hocking Corp. 95 F.Supp. 264 (W.D.Pa.1951).

7. Stein v. Expert Lamp Co., 96 F. Supp. 97, (N.D.Ill.1951), aff'd, 188 F.2d 611 (7th Cir. 1951).

8. Ex parte Guild, 98 USPQ 464 (Pat.Off.Bd.App.1952), aff'd on other grounds, In re Guild, 204 F. 2d 700, 40 CCPA 996 (1953).

9. Rosenthal v. Stein, 205 F.2d 633, (9th Cir. 1953).

10. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954).

11. Vacheron Watches, Inc. v. Benrus Watch Co., Inc., 155 F.Supp. 932, (S.D.N.Y.1957), modified, 260 F. 2d 637 (2d Cir. 1958).

12. In re Deister Concentrator Co., Inc., 289 F.2d 496, 48 CCPA 952 (1961).

The board's opinion makes it clear that the affirmance was based on In re Blood, supra, and Ex parte Guild, supra. In addition, the board's opinion contains the following statement regarding the soundness of the rejection:

Aside from the clearly controlling effect of the cited cases, we are in agreement with the spirit of the stated rejection. The laws promulgated under Section 8 of Article I of the Constitution provide protection for the intellectual products of authors and inventors. The framers of the Constitution presumably recognized the difference between the endeavors of authors and inventors, because they used the word "respective" in reference to their "writings and discoveries." * * *

## OPINION

*The Rejection Based on 35 U.S.C. § 103*

The board stated that representation of a human figure, real or caricatured, is subject to many obvious variations in facial, body, and dress characteristics. We agree with the board that facial, body, and dress characteristics may be made prominent and dominant in any particular choice, but we do not agree that it was obvious under 35 U.S.C. § 103 to derive appellant's specific design from that shown in the Breger design patent. While there may be a similarity in concept, it does not follow that there is a similarity in design or that appellant's design is necessarily obvious. The board's finding that it is quite evident that the scope of appellant's design may well approach the figure shown in Breger is unsupported and without merit. We do agree with the board that design patents issued to others should not be considered as a reason for the granting of a design patent on the appellant's application. The basic consideration in determining the patentability of designs

over prior art is similarity of appearance. See In re Phillips, 315 F.2d 943, 50 CCPA 1223 (1963). We find no similarity of appearance between appellant's design and the Breger design other than that both relate to watch faces. We reverse the rejection based on 35 U.S.C. § 103.

### The Rejection Based on Estoppel in View of Prior Copyright Registrations

The second ground of rejection, advanced in the Examiner's Answer and affirmed by the board, is that three copyright registrations have been secured on the subject matter of appellant's design, and that both copyright and design patent protection cannot be obtained for the same subject matter. The precise nature of the three copyright registrations is not shown in the record before us, but appellant does not deny that both copyright protection and design patent protection have been sought on the subject matter involved.

The only evidence of record indicating what was copyrighted by appellant's assignee is found in the newspaper photographs, above. Unfortunately, the quality of the reproduced newspaper photographs is poor, but a copyright notice (© 1970 The Novelty Watch Co.) appears on the drawing of the watch face. Furthermore, the watch face, as shown by the newspaper photographs, includes the hour numerals and some words. The latter features *do not appear* in the drawing of the instant design patent application.

■ Although copyright registrations of appellant's assignee are not of record, the Examiner's Answer, above, lists the registration numbers as: Bp 37381, Gp 67931 and Gp 67932. We take judicial notice of the following facts: that the prefix Bb indicates that the registration is for a contribution to a periodical manufactured in the United States of America (see Regulations of the Copyright Office, 37 CFR § 202.5; cf. 17 U.S.C. § 5(b)), and that the prefix Gp indicates that the registration is for a published

work of art (see Regulations of the Copyright Office, 37 CFR § 202.10; cf. 17 U.S.C. § 5(g)). Based on the two Gp registrations and the newspaper photographs of record, we conclude that appellant's assigneee has registered a copyright for the drawing on the watch face (shown in the newspaper photographs) as a work of art under the authority of 17 U.S.C. § 5(g).

Turning now to the legal merits of the instant rejection based on estoppel in view of the prior copyright registrations, the rejection must be reversed.

We analyze the issue by asking two questions:

■ (1) Is there an area of overlap wherein a certain type of subject matter is both "statutory subject matter" under the copyright statute (meaning a type of subject matter which, by definition, may be copyrighted if the other statutory conditions and requirements are met) *and* "statutory subject matter" under the design patent statute (meaning a type of subject matter which, by definition, may be patented as a design if the other statutory conditions and requirements are met)?

■ (2) If the answer to question (1) is in the affirmative, and if a particular creation is of that type of subject matter which is within the area of overlap, may the "author-inventor" secure both a copyright and a design patent?

We answer both questions in the affirmative for the following reasons.

Under the power granted to the Congress in Art. I, § 8, cl. 8 of the Constitution, the Congress has enacted the copyright statute as Title 17, United States Code, and the patent statute as Title 35, United States Code. In the two statutes, the Congress has created an area of overlap with regard to at least one type of subject matter.

Thus, the Congress has provided that subject matter of the type involved in the instant appeal is "statutory subject matter" under the copyright statute and

"statutory subject matter" under the design patent statute. The statutory language clearly shows the intent of Congress.

The copyright statute, 17 U.S.C. § 5, states:

§ 5. Classification of works for registration

The application for registration shall specify to which of the following classes the work in which copyright is claimed belongs:

\* \* \* \* \* \*

(g) Works of art; models or designs for works of art.

\* \* \* \* \* \*

The design patent statute, 35 U.S.C. § 171, states:

§ 171. Patents for designs

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, *subject to the conditions and requirements of this title.* [emphasis added]

The Supreme Court has recognized that an area of overlapping "statutory subject matter" exists between copyrights and design patents. In Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954), the Court stated:

\* \* \* We do hold that the patentability of the statuettes, fitted as lamps or unfitted, does not bar copyright as works of art. Neither the Copyright Statute nor any other says that because a thing is patentable it may not be copyrighted. We should not so hold. [footnote omitted]

Subsequently, this court cited Mazer v. Stein in In re Deister Concentrator Co., Inc., 289 F.2d 496, 500 n. 3, 48 CCPA 952, 961 n. 3 (1961), and recognized an area of overlap in these words:

At the present time and especially since Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630, there is a certain amount of overlap in the protection available through design patents

and that available by copyright, insofar as a design may qualify as a "work of art" under 17 U.S.C. § 5.

The existence of an area of overlap was accepted by the examiner and the board. Nevertheless, both held that an author-inventor *must* elect between securing a copyright *or* securing a design patent. We disagree.

We believe that the "election of protection" doctrine is in direct conflict with the clear intent of Congress manifested in the two statutory provisions quoted above. The Congress has provided that subject matter of the type involved in this appeal is "statutory subject matter" under the copyright statute and is "statutory subject matter" under the design patent statute, but the Congress has *not* provided that an author-inventor must elect between securing a copyright or securing a design patent. Therefore, we conclude that it would be contrary to the intent of Congress to hold that an author-inventor *must* elect between the two available modes of securing exclusive rights.

In Mazer v. Stein, supra, the Supreme Court noted the election of protection doctrine but did not express any view on it:

As we have held the statuettes here involved copyrightable, we need not decide the question of their patentability. *Though other courts have passed upon the issue as to whether allowance by the election of the author or patentee of one bars a grant of the other, we do not.* [emphasis added] [footnote omitted]

Since a design patent had not been secured in the case, the election of protection issue was not before the Supreme Court.

In re Blood, supra, and Ex parte Guild, supra, directly support the board's decision upholding the instant rejection based on the election of protection doctrine. Tracing back in time, Ex parte Guild cites and relies on In re Blood, and In re Blood in turn cites and relies

on Louis De Jonge & Co. v. Breuker & Kessler Co., supra. In *Louis De Jonge,* the only issue was one of copyright validity and no design patent had been secured. Hence, the statements in *Louis De Jonge* regarding a mandatory election of protection were dicta. These prior cases appear to recognize the existence of an area of overlap, but they say that both copyright and design patent protection cannot be obtained for the same subject matter. We do not see any positive legal authority supporting this view. To paraphrase the Supreme Court in Mazer v. Stein: Neither the copyright statute nor the patent statute says that because a thing is copyrighted it may not be patented as a design. We should not so hold.

The brief for the Commissioner of Patents presents the following argument:

> There is another reason why the copyright registration secured by appellant's assignee should bar the grant of a design patent, viz., consequent failure of adequate consideration for the grant of a design patent. In Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225 [84 S.Ct. 784, 11 L.Ed.2d 661], 140 USPQ 524 [1964], the Supreme Court stated with respect to a design patent that "when the patent expires the monopoly created by it expires, too, and the right to make the article—including the right to make it in precisely the shape it carried when patented—passes to the public." Here, by contrast, that right would be denied to the public, because appellant's copyright would persist. [footnote omitted]

■ We agree that the copyright secured by appellant's assignee will outlive any design patent appellant may secure. The copyright "shall endure for twenty-eight years from the date of first publication," and it is renewable "for the further term of twenty-eight years," 17 U.S.C. § 24; whereas a design patent has a maximum term of fourteen years, 35

U.S.C. § 173. But the mere fact that the *copyright* will persist beyond the term of any design patent which may be granted does not provide a sound basis for *rejecting* appellant's design patent application.

In the *Sears* case, the Supreme Court was not thinking of the present fact situation where similar subject matter is protected by a federal copyright. This point is shown by the way the Supreme Court stated the question involved in *Sears:*

> The question in this case is whether a State's unfair competition law can, consistently with the federal patent laws, impose liability for or prohibit the copying of an article which is protected by neither a federal patent *nor a copyright.* 376 U.S. at 225, 84 S.Ct. at 786 [emphasis added.]

The Commissioner's argument based on the "failure of consideration" concept borrowed from the law of private contracts is inappropriate here. A patent is not a contract. A patent is "a *grant* * * * of the right to exclude others from making, using, or selling the invention throughout the United States," 35 U.S.C. § 154 (emphasis added). A patent has " * * * the attributes of personal *property,*" 35 U.S.C. § 261 (emphasis added).

■ Finally, we come to the board's additional ground for affirmance of the rejection—that "[t]he framers of the Constitution presumably recognized the difference between the endeavors of authors and inventors, because they used the word 'respective' in reference to their 'writings and discoveries.'"

We agree with the board's view that the framers of the Constitution recognized a distinction between "authors" and "inventors" and "writings" and "discoveries." But, we do not think that the constitutional provision requires an election. The Congress, through its legislation under the authority of the Constitution, has interpreted the Constitution as authorizing an area of overlap

where a certain type of creation may be the subject matter of a copyright and the subject matter of a design patent. We see nothing in that legislation which is contradictory and repugnant to the intent of the framers of the Constitution. Congress has not required an author-inventor to elect between the two modes which it has provided for securing exclusive rights on the type of subject matter here involved. If anything, the concurrent availability of both modes of securing exclusive rights aids in achieving the stated purpose of the constitutional provision.

In summary, the rejection based on obviousness under 35 U.S.C. § 103 and the rejection based on estoppel in view of the prior copyright registrations are reversed.

Reversed.