**Application of Lorraine FINCH and Morris Branch.**

**Patent Appeal No. 76–531.**

United States Court of Customs and Patent Appeals.

June 3, 1976.

Ernest I. Gifford, Gifford, Chandler & Sheridan, Birmingham, Mich., attorney of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Thomas E. Lynch, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the final rejection of the claim in appellants' design application. We affirm.

### The Claimed Design

The claimed design is for a key holder which comprises a parallelogram-shaped key ring to which a human figure is attached by a chain. The drawings show, alternatively, four biologically complete reproductions of the human body—a black

male, a black female, a white male, and a white female.

### The Rejections

There are two rejections: (1) the design is frivolous, 35 U.S.C. § 171, because it lacks utility, 35 U.S.C. § 101; (2) the claimed design would have been obvious, 35 U.S.C. § 103.

### The Board

The board sustained the rejection that the claimed design failed to meet the "useful" requirement of 35 U.S.C. § 101, concluding:

> Even if the subject matter as a whole would not be considered by most people as "obscene" it is our opinion that since the purpose of the design is to commercialize on the human body in the nude the subject matter involved could not satisfy the statutory requirements for a design patent. A patent bears the official imprimatur of the Patent Office and since the Patent Office is an agency of the U.S. Government, the subject matter of patents granted by the Office accordingly should not be of such an offensive and frivolous character as to give cause of disrespect for the government.

Noting that the prior art of record illustrates a key holder with a rounded key ring and a pendant attached by a chain, a parallelogram-shaped key ring, and an ice skater figure charm, the board agreed with the examiner that the substitution of the parallelogram-shaped key ring for the rounded key ring and of the human figure charm for the pendant would have been obvious. The board, agreeing further with the examiner that the naked human figure does not distinguish patentably over the ice skater figure, affirmed the 35 U.S.C. § 103 rejection.

### OPINION

#### The 35 U.S.C. § 171 Rejection

Because we affirm on other grounds, we need not treat this rejection. We do so however, in the interest of clarity and good order in the examination of applications for design patents in the Patent and Trademark Office.

■ The "utility requirement" of 35 U.S.C. § 101 is not applicable to design inventions. Rejection of claims to designs for "lack of utility" is therefore error.

A comparison of 35 U.S.C. § 101 with 35 U.S.C. § 171 illustrates their parallel, but distinct, natures.* They both set forth criteria for what may be patented, but the criteria differ for different classes of subject matter. The criteria in 35 U.S.C. § 101 for processes, machines, manufactures, and compositions of matter, and improvements thereof, are that the invention be "new" and "useful." The criteria in 35 U.S.C. § 171 for designs are that the invention be "new," "original," and "ornamental." The repetition in 35 U.S.C. § 171 of "whoever invents," "any new," and "may obtain * * title" would have been superfluous if the criteria of 35 U.S.C. § 101 in their entirety were applicable to designs. We cannot assume that Congress did a useless thing in deleting "useful" when it legislated with respect to designs.

The second paragraph of 35 U.S.C. § 171, making the provisions of Title 35 applicable to designs, includes the phrase "except as otherwise provided." The paragraph clearly makes numerous provisions, such as 35 U.S.C. § 102 and 35 U.S.C. § 103, applicable to designs. It could not, however, make 35 U.S.C. § 101 applicable. As above indicated, 35 U.S.C. § 171 *is* 35 U.S.C. § 101,

---

\* 35 U.S.C. § 101 provides:

§ 101. Inventions patentable.
Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.
35 U.S.C. § 171 provides:

§ 171. Patents for designs.
Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.
The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

modified, for application to designs. Hence, the criteria of 35 U.S.C. § 101 are "otherwise provided" in 35 U.S.C. § 171 and the second paragraph of the latter cannot serve to permit the reading thereinto of the "useful" criterion of 35 U.S.C. § 101.

The board's reliance on *Ex parte Schulze-Berge,* 42 O.G. 293, 1888 C.D. 4 is ill-founded. The design statute has been changed since 1888, when it read, in part: "any new, *useful,* and original shape or configuration of any article of manufacture." R.S. 4929 (emphasis ours). The "useful" criterion for design patents was deleted in 1902. See Patent Act of May 1902, ch. 783, § 4929, 32 Stat. 193. For a chronological compilation of patent acts see 3 A. Deller, *Deller's Walker on Patents* 317–766 (2d ed. 1964).

The "useful" requirement of 35 U.S.C. § 101 being inapplicable to designs, the rejection for lack of utility is *reversed.*

### The 35 U.S.C. § 103 Rejection

In applying 35 U.S.C. § 103 to the claimed design as a whole, a basic consideration is similarity of appearance between the claimed design and the designs of the prior art. *In re Yardley,* 493 F.2d 1389, 181 USPQ 331 (Cust. & Pat.App.1974); *In re Phillips,* 315 F.2d 943, 50 CCPA 1223, 137 USPQ 369 (1963). Though there may be differences in appearance between the claimed design and prior designs, the test remains whether the claimed design would have been obvious in view of such designs in the prior art.

Herein, the prior art discloses key holders with attached charms, parallelogram-shaped key rings, and charms in the shape of human figures. We agree with the board that the differences in appearance between a key holder with a rounded key ring and a pendant charm and a key holder with parallelogram-shaped key ring and a pendant human figure charm are insufficient to have rendered the latter design unobvious. Moreover, it would appear that the design of the unclothed human body, male and female, has been known (by latest reports) at least 10,000,000 years. The uses of that design in virtually every

art form have been widespread for centuries. Its attachment to a key ring would have been obvious.

The rejection under 35 U.S.C. § 103 is *affirmed.*

*AFFIRMED.*