861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James CONSTANT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1426.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1988.
 
 Before BISSELL, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James Constant appeals the judgment of the United States Claims Court, No. 295-88C (May 18, 1988), dismissing his complaint seeking reimbursement of costs incurred in litigating and defending two patents. We have considered the record and all submissions and, on the basis of the Claims Court order, affirm the trial court's decision.
 
 OPINION
 
 2
 The Claims Court followed the precedents of this court by holding that the issuance of a patent by the United States Patent and Trademark Office (PTO) does not create a contractual relationship between the PTO and the patentee. In re Yardley, 493 F.2d 1389, 1395, 181 USPQ 331, 335-36 (CCPA 1974); Krantz v. Olin, 356 F.2d 1016, 1020, 148 USPQ 659, 662-63 (CCPA 1966), cert. denied, 386 U.S. 982 (1967). Constant also advances constitutional challenges to 35 U.S.C. Sec. 282 (1982 & Supp. IV 1986) that we already addressed in Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1563-64, 7 USPQ2d 1057, 1058-59 (Fed.Cir.1988).
 
 
 3
 This appeal is frivolous; however, we do not sanction Constant in this instance because this appeal was filed prior to the issuance of Constant. Nonetheless, we reiterate the admonition in that opinion--"[a]ppellant is hereby cautioned that if he persists by trying to raise again the same issues that have been finally decided ... he could be sanctioned under Fed.R.Civ.P. 11, Fed.R.App.P. 38, and the inherent power of the courts to sanction." Id. at 1572, 7 USPQ2d at 1065-66.